No. 2570.—STATE, ex rel. J. S. LOBDELL, Tutor, *v.* THE JUDGE OF THE FOURTH DISTRICT COURT FOR THE PARISH OF ORLEANS, et al.

A district judge of the parish of Orleans will be compelled by mandamus to grant a suspensive appeal from a final judgment rendered on default, if the appeal is applied for within ten days from the service of notice of judgment, provided the case is in other respects appealable.

APPLICATION for a Writ of Mandamus.
  *Elmore & King,* for relators. *Théard,* Judge.

TALIAFERRO, J. Upon the relator's application to this court, praying for a writ of mandamus directed to the judge of the Fourth District Court of New Orleans, requiring him to grant the relator a suspensive appeal from a judgment rendered against him in that court in a certain suit brought against the relator and others by one Henry Bizon, and also for a writ of prohibition, a rule *nisi* was granted, and the thirty-first of January fixed as the day on which the judge was required to show cause why the writs should not be made peremptory.

The respondent gave as reasons for refusing a suspensive appeal, that more than ten days had elapsed after the judgment was signed before the relator applied for a suspensive appeal, and therefore that he was not entitled by law to take a suspensive appeal; that the judgment complained of was not rendered by default, as stated by relator, but after trial, and contradictorily between the parties; that Bizon, the

State ex rel. Lobdell v. Judge of the Fourth District Court et al.

plaintiff, took a rule on the relator, as plaintiff, and several other parties, as defendants in another suit, in order to have his fees fixed as an auditor appointed by the court in that case; that this rule was served on the counsel for plaintiff and defendants; that all the defendants, by their counsel, appeared, but that the counsel for the relator did not appear; that judgment was rendered on this rule at the same time that the judgment was rendered in the main action; and that the relator had knowledge of these proceedings, and therefore is not entitled to a suspensive appeal, not having, within the time prescribed by law, taken such appeal. And the respondent further alleges that the defendant's counsel moved for a new trial in the case in which plaintiff had obtained judgment; and also, that a motion for new trial was made by the relator's codefendants in the case, involving the question of the auditor's fee; that the hearing of these motions took place at the same time, and that the relator's counsel was present on the trial of these motions, and that they were determined contradictorily between all the parties; and that this is an additional reason why the suspensive appeal should not be granted, the relator being thereby precluded from setting up want of notice.

The relator, in his application for process from this court, sworn to in due form, declares that the judgment on which execution issued and by virtue of which his property was seized, was rendered by default, without any legal notice of the proceedings by which the judgment was obtained, and without ever having made any appearance in answer thereto; that no notice of the rendition of this judgment was ever served upon him; that, having been informed of the alleged seizure of his property by the sheriff, he applied to the judge of the Fourth District Court for an injunction, and that an injunction was refused.

From an examination of all the papers and documents before us, we are constrained to think that the rule should not be discharged, and that the relator should be allowed the appeal prayed for.

It is therefore ordered that the rule be made absolute, and that the judge of the Fourth District Court of New Orleans grant the relator a suspensive appeal, to be made returnable to this court, according to law.