## No. 5524.

RICHARD FRANCIS VS. MRS. MARIE LOUISE MARTIN, WIDOW OF ROBERT JOHNSON, ET AL.

The judgment appealed from is one rendered upon confirmation of a default. The judgment was rendered on the twentieth of November, 1874, and was signed the same day, that being the last day of court. Notice of judgment was issued on the first of December following, and was served on the seventh. Application for an appeal was made on the tenth of December, three days after the notice of judgment was served. This was within the delay granted by the law.

It is contended in support of the motion to dismiss, that it must be governed by the *proviso* appended to article 575, Code of Practice. But the whole of the article relied on must be taken together, and from the whole of the article it is apparent that the ten days commence to run from the day the judgment has been notified to the party cast.

It is urged that the article in question should read, " whenever *no* answer has been filed," instead of "whenever *an* answer has been filed;" but no reason can be seen for changing the whole force of the article.

Francis vs. Mrs. Marie Louise Martin.

The decision in the case of Lazarre vs. Snow, 1 R., p. 60, is authority, it is true, for supporting the position that "the period after the lapse of which no appeal will lie is to be computed from the day when the judgment was signed, not from that on which it was notified to the party against whom it was given." It would control the court were the law now what it was when that case was decided. But the law has been changed. This decision was rendered in 1841. The statute changing the law was passed in 1843.

A married woman is sued on an obligation due by her alone; judgment is asked against her alone, and her husband is cited to authorize her to appear and defend the suit, and no appearance is made either by the wife or the husband, and, after proper service of the petition on each, no judgment by default has been taken against the husband, and no authorization from the judge was given or asked for to enable her to defend the suit. To complete the statement, it must be added that the wife in this case was sued as the wife of Ragas, that she was cited as his wife, that judgment by default was entered up against her as his wife, and that the default was made final against her as his wife. The question whether said judgment is final must be answered affirmatively.

Legal notice of a suit against the wife (said wife being cited) having been served upon the husband is sufficient to bring her properly into court. The notice of the suit to the husband is sufficient, if he makes no objection, to allow her to stand in judgment. If he has not come into court and has not authorized his wife to make defense, it must be considered that he thought there was none to make, and, under these circumstances, to obtain an order from the judge authorizing her to stand in judgment would be a useless formality. She is in court from the fact that the suit is brought against her. her husband being cited to authorize her. Being in court, proceedings may then be carried on against her in the same manner as they are against other defendants. If she does not answer, default may be taken against her. If the default, when taken, is not regularly set aside, it may be confirmed.

The error assigned, that the judgment was rendered against the defendant without a judgment having been rendered at the same time against the widow in community of the surety, is not established. All the parties to the suit are sought to be made liable *in solido*. It is as though separate suits had been instituted against them all, and judgment could have been rendered against each of them, or all of them, or one of them alone. With the effect of the judgment against the co-defendants, the plaintiff had nothing to do. If he sues a number of persons and seeks judgment against each of them *in solido*, and judgment is rendered only against one and he is satisfied, the defendant who is alone condemned can not complain of the judgment in so far as he is concerned. The defendant's rights as against his co-obligors are separate and distinct from the plaintiff's rights against him.

The third error assigned, that the bond sued on is not conditioned according to law, can not be maintained for the reasons given in the judgment.

The security on the bond was Robert Johnson. He died leaving a widow in community and several children (defendants herein), who were put in possession of his estate. The widow and children were sued. Pending the suit, the widow died, and the proceedings were carried on and completed against the children, the succession of the mother apparently not having been opened.

If the question was between the original parties to the bond—principal and surety—the conclusion would be that they were both bound *in solido*. But the parties before the court are the heirs of the surety. As to them the obligation is joint; they inherit the rights, credits, and obligations of their ancestor, but as the rights and credits of their ancestor are distributed among them, each according to his share, so are the obligations, each being bound for his proportion. The position which they assume, that they were bound for one-half of the obligation, because their mother was put in possession of one-half of the estate of their father, is untenable. The obligation was an obligation of the community. It was due by the father. There was no succession to divide until the community debt was paid. As heirs of their father, they are responsible for his obligations, they having been put in possession of their share of his estate.

Francis vs. Mrs. Marie Louise Martin.

APPEAL from the Second Judicial District Court, parish of Plaque-mines. *Pardee, J. C. Howard McCaleb,* for plaintiff and appellee. *Sambola & Ducros,* for defendants and appellants.

### On Motion to Dismiss.

Morgan, J. Appellee moves to dismiss this appeal on the grounds—

First—That a suspensive appeal was illegally granted.

Second—Because the appeal was not applied for within the delays allowed by law.

Third—Because the application for an appeal was granted after the expiration of more than ten days after the adjournment of the court by which the judgment was rendered.

The first ground need not be noticed, as the alleged illegality of the application and order of appeal are contained in the second and third grounds.

The second and third grounds may be considered together.

The judgment appealed from is one rendered upon confirmation of a default.

The judgment was rendered on the twentieth of November, 1874, and was signed the same day, that being the last day of court.

Notice of judgment was issued on the first of December following, and was served on the seventh.

Application for an appeal was made on the tenth of December, three days after the notice of judgment was served.

This was within the delays granted by the law. Taylor vs. Woodward, 25 An. 212. Riley vs. Howell, lately decided.

Counsel for appellee contends that his case is governed by the *proviso* appended to article 575, C. P., which says that "in the country parishes no execution shall issue in cases where an appeal lies, until ten days after the adjournment of the court by which the judgment was rendered, within which delay a party may take a suspensive appeal on filing peti-tion and appeal bond, as now provided by law." But the whole of the article relied on must be taken together. Now, one part of the article declares that "whenever an answer has been filed in a suit in which the defendant has had personal service made upon him to appear and file his answer, or when a judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge," and this precedes the proviso relied upon. From the whole of the article it is, we think, apparent that the ten days com-mence to run from the day the judgment has been notified to the party cast.

It is urged upon us that the article in question should read "when-

ever *no* answer has been filed," etc., instead of "whenever *an* answer has been filed," but we see no reason for thus changing the whole force of the article.

It is also pressed upon us that the case of Lazarre vs. Snow, 1 R., p. 60, is authority for supporting the position that "the period after the lapse of which no appeal will lie is to be computed from the day when the judgment was signed, not from that on which it was notified to the party against whom it was given." The decision quoted does decide in that way, and it would probably control us were the law now what it was when that case was decided. But the law has been changed. This decision was rendered in 1841. The statute changing the law was passed in 1843.

The motion to dismiss is refused.

### On the Merits.

In the suit of Richard Francis vs. W. T. Lavine et al., Francis obtained a writ of sequestration under authority of which the sheriff took into his possession the pilot-boat Robert Bruce. The sequestration was set aside and the boat released upon Lavine et al. furnishing bond in the sum of fifteen hundred dollars. Robert Johnson was surety on the bond.

Robert Johnson died, and his widow, as widow in community, Adrien Johnson, and Marie Louise Johnson, wife of Manuel Ragas, were put in possession of his estate.

The suit of Richard Francis vs. Lavine et al. was decided in favor of the plaintiff and against the defendants, *in solido*, for one thousand dollars, and it was ordered that the boat Robert Bruce be sold.

Plaintiff alleges that Lavine neglects and refuses to restore the boat into the custody of the sheriff, and that he refuses to comply with the conditions of his bond.

He brings this suit against W. T. Lavine, Mrs. Louise Martin, widow in community of John B. Johnson, Adrien Johnson, and Marie Louise Johnson, wife of Manuel Ragas, heirs of John B. Johnson, in possession of his estate, and he prays for judgment against them, *in solido*, for one thousand dollars, with legal interest from the seventh of June, 1869, until paid.

It is important to observe that as regards Mrs. Marie Louise Johnson, wife of Manuel Ragas, the petition prays that Manuel Ragas be cited to authorize and assist his wife to appear and defend the suit, and that a copy of the petition be served on him.

Proper service of the petition and citation was made on all the parties defendant, including Manuel Ragas, and judgment by default was taken

against Lavine, John B. Johnson, Adrien Johnson, and Mrs. Marie Louise Johnson, wife of Ragas.

No default was taken against Mrs. Louise Martin, widow of John B. Johnson, or against Manuel Ragas. The default against Lavine was set aside upon his filing an answer.

As against John B. Johnson, Adrien Johnson, and Marie Louise Johnson, wife of Ragas, the default was confirmed, and they were condemned *in solido* to pay the plaintiff one thousand dollars, with five per cent interest from seventeenth June, 1869, until paid. This judgment was rendered on the twentieth November, 1874, and notice thereof was given to the defendants on the first December following. They appealed, Mrs. Ragas being authorized thereto by her husband.

The case is presented to us on an assignment of errors, as follows:

First—That Mrs. Ragas, appellant, is a married woman, and that the judgment appealed from was rendered by default, without a defense, and without her having been authorized by her husband or by the court to defend the suit, which she could not defend without such authorization;

Second—That judgment was rendered against appellants without a judgment having been rendered at the same time against the widow in community of the surety, who, being dead, was never cited; or against her heirs and representatives, who were never made parties to this suit;

Third—That the bond is not conditioned according to law, and is not therefore binding on the surety or his heirs; and

Fourth—That under no circumstances could judgment be possibly rendered against them except for one-half of the amount thereof as heirs of their father, the surety, and that only jointly, each one for his virile share in said half, and without interest except from judicial demand.

First—In the case of Gilmore vs. Gilmore, 9 An. 197, where the petition concluded with the prayer that the defendant and her husband be cited to answer the petition, it was served on the husband in person, and a judgment by default rendered against both; it was held that the suit was brought in the manner required by article 118, Code of Practice, and that the feigned or tacit issue resulting from a judgment by default was binding on the wife and dispensed with the authorization by the judge, which is only necessary in the absence of authorization, express or implied, of the husband.

In Hall vs. Carroll, 10 An. 412, the suit was on an obligation made by the wife with the husband's authorization; both husband and wife were cited; judgment by default was rendered and confirmed. The court said : " The C. P. 118 provides that when the suit is brought against the wife for a cause of action relative to her separate interests, the husband must be made a party, and, if the husband is absent, the plaintiff must demand that the wife be authorized by the judge before whom the suit

is brought to defend it alone, if she be of age. The husband in the present case was not absent. Citations were served personally on both the wife and the husband. They were not bound to defend the suit. The effect of the default was to create a tacit joinder of issue as to both husband and wife, and to fully justify a final judgment against the wife."

In the case of Stone, Syndic, vs. Tew et al., 9 R. 194, (cited in Hall vs. Carroll by the court), the court said:

" This suit is brought on three notes drawn to the order of plaintiff by Sarah Y. Tew, the wife of William M. Tew, from whom she is separated in estate, and by Wiley B. Grayson. Sarah Y. Tew, whose husband was made a party to this suit, suffered a judgment by default to go against her, while her co-defendant pleaded the general issue and want of an amicable demand. There was a final judgment entered up against both, from which they appealed.

"It is urged by the appellants' counsel that the judgment of the lower court must be reversed as to Sarah Y. Tew, because the judgment by default given against her could not be made final, the plaintiff having failed to have her authorized to appear and defend the suit.

" The plaintiff, in our opinion, did all he was legally bound to do when, in compliance with article 118 of the Code of Practice, he brought the present suit against both of the defendants, Sarah, and her husband, William M. Tew. If the latter, after having been made a party defendant, absented himself or refused to assist his wife in defending the suit, she could have obtained the necessary authorization by applying to the judge below. As she made no such application, we are bound to presume that her husband never refused to authorize her to stand in judgment, and that when she suffered a judgment by default to be rendered against her and confirmed, she was then acting under his advice and authorization. This presumption is much strengthened by the subsequent appearance in the suit of William M. Tew, who joined and assisted his wife in taking the present appeal."

The last case is relied upon by the plaintiff as settling the question before us. The two former cases cited, also by him, are relied upon by the defendants in support of their defense.

The difference, or at all events the distinction, between the cases in the ninth and tenth Annuals and the one before us is that in both those cases the husbands were joined in the actions, while here the husband is only cited for the purpose of authorizing his wife to defend the suit, and in Stone's case the suit was brought against both husband and wife. And the question we have to decide is this: When a married woman is sued on an obligation due by her alone, and judgment is asked against her alone, and her husband is cited to authorize her to appear and defend the suit, and no appearance is made either by the wife or

husband, and, after proper service of the petition on each, no judgment by default has been taken against the husband, and no authorization from the judge was given or asked for to enable her to defend the suit, is a judgment by default rendered against her and made final binding upon her? To complete the question, we must remark that the wife in this case was sued as the wife of Ragas, that she was cited as his wife, that judgment by default was entered up against her as his wife, and that the default was made final against her as his wife.

The only author who seems to have written upon this particular question is Duranton. At least, he is the only one to whom we have been referred, and we have examined others, who seem to have not considered it. Duranton says: "He who sues the wife should at the same time sue the husband to authorize her; and if he does not appear, or refuses, the court seized with the demand supplies the marital authorization." 2 Duranton, No. 446.

If his conclusion is that when a married woman is sued for her own debt, and her husband is cited to appear and authorize her to defend the suit, and he makes no appearance, the authorization of the judge is still required, we can not agree with him.

Why is it that when a wife comes into court either as plaintiff or defendant she must be authorized thereto by her husband, or, in his default, by the judge? As regards the husband, it is because she is considered to be under his guidance and protection; because what concerns her concerns him; because he is the natural as well as legal guardian of her rights; because it is presumed that he would not allow her to institute proceedings which were not well founded in law, or needlessly incur the responsibilities of a losing suit. As regards the judge, it is to protect her, at last, from the possible injustice of her husband. But it seems to us that legal notice of a suit against the wife, the wife having been cited, having been served upon the husband, is sufficient to bring her properly into court, and that the notice of the suit to the husband is sufficient, if he makes no objection, to allow her to stand in judgment. If he has not come into court, and has not authorized his wife to make defense, it must be considered that he thought there was no defense to make, and, under these circumstances, to obtain an order from the judge authorizing her to stand in judgment would be a useless formality. She is in court from the fact that the suit was brought against her, her husband being cited to authorize her. Being in court, proceedings may then be carried on against her in the same manner that they are against other defendants. If she does not answer, default may be taken against her. If the default when taken is not regularly set aside, it may be confirmed.

Second—The next error assigned, that the judgment was rendered against the appellants, without a judgment having been rendered, at the

same time, against the widow in community of the surety, is not, we think, established. All the parties to the suit are sought to be made liable *in solido*. It is as though separate suits had been instituted against them all, and judgment could have been rendered against each of them, or all of them, or one of them alone. With the effect of the judgment against the co-defendants the plaintiff had nothing to do. If he sues a number of persons and asks judgment against each of them *in solido,* and judgment is rendered only against one and he is satisfied, the defendant who is alone condemned can not complain of the judgment in so far as he is concerned. The defendant's rights as against his co-obligors are separate and distinct from the plaintiff's rights against him.

Third—The third error assigned that the bond sued on is not conditioned according to law.

Applicants rely on the cases of Barker vs. Morrison et al., 4 An. 372; King vs. Baker, 7 An. 572; Mason vs. Butler, 12 An. 69.

In the first case, Barker et al. instituted suit against Doane et al., and certain movables were seized, which were surrendered to Doane upon his giving bond, with Morrison and Deacon as his sureties, in the sum of twenty-five hundred dollars. The condition of the bond was that "if the said defendant shall not send the above-described property out of the jurisdiction of this court, and that he will faithfully present the same in case he should be decreed to restore the same to the plaintiffs, and shall satisfy such judgment as may be rendered in the suit pending as above mentioned, then this obligation to be void; otherwise, to remain in full force."

In the case before us the condition of the bond upon which the property sequestered was released was that "if the said William T. Lavine, and Robert Johnson, security, shall satisfy such judgment as may be rendered against the said defendants in the suit pending as above mentioned, then this obligation to be void; or else to remain in full force."

In the Barker case judgment was rendered against Doane et al. for $763 33, and execution issued, which was returned *nulla bona.* Plaintiffs then sued the sureties on the bond, claiming judgment *for the amount of the judgment against Doane.* The value of the property released under the bond does not appear to have been set up or established. The court said: "It is true that the literal terms of the bond authorized such a decree," which was in favor of the plaintiff. But it also said: "The legal intent of the instrument being to secure the presentation of the property, to be applied toward the satisfaction of the plaintiff's privilege when definitively adjudged, and the penalty of the bond being inserted to secure the performance of that act, upon breach of the condition, the question is, *quantum damnificatus.* The injury sustained by the plaintiffs is the value of the sequestered property, which, if it had been pre-

sented, would have been applied to the payment of plaintiff's claim. A judgment resting upon the mere standard of the amount of the plaintiff's claim, without reference to the value of the property sequestered, is, therefore, erroneous. As we have no evidence of the value of the property, the suit must be dismissed ;" and the judgment was reversed as in case of nonsuit. Here, the bond was for fifteen hundred dollars. The judgment against the defendants in the original suit was for one thousand dollars. The demand made against the defendants is for one thousand dollars. The evidence is that the interest of the plaintiff in the property released under the sequestration, and which was not returned after judgment, was worth one thousand dollars. The petition and the proceedings seem to have been conducted with regard to the views expressed in the Barker and Morrison case. That they were regular and proper we have no doubt.

The other cases relied upon do not touch the questions at issue in this proceeding.

Fourth—The surety on the bond was Robert Johnson. Robert Johnson died, leaving a widow in community and several children (defendants herein), who were put in possession of his estate. The widow and children were sued. Pending the suit, the widow died, and the proceedings were carried on and completed against the children, the succession of the mother, apparently, not having been opened.

These children, the present appellants, now say that the judgment against them being *in solido* is erroneous ; that, under no circumstances, are they more than jointly bound as heirs of their father, each for his virile share in said half. In other words, that, if bound at all, they are bound as heirs of their father, who was only bound for one half the debt, and that for this half the judgment must be distributed among them.

Counsel for appellee contends that the obligation here sued upon has for its object the delivery of a boat, and is therefore indivisible. His argument is, that the original defendant, Lavine, and his sureties, bound themselves to deliver the entire vessel which had been sequestered and released on bond, to be sold for partition, or to pay the value. As they and their heirs have failed to deliver, as they were bound to do, the entire object which they were bound to deliver, as a whole thing, which could not be partially delivered, it follows, he says, that they are bound to pay the whole value which stands in the place of the thing itself.

If the question was between the original parties to the bond, principal and surety, there could be but one answer to it. They were both bound *in solido*. But the parties before us are the heirs of the surety. As to them the obligation is joint. They inherit the rights, credits, and obligations of their ancestor, but as the rights and credits of their ancestor are distributed among them, each according to his share, so are the

obligations, each being bound for his proportion. The position which they assume, that they are bound for one half of the obligation, because their mother was put in possession of one half of the estate of their father, is untenable. The obligation was an obligation of the community. It was due by the father. There was no succession to divide, until the community debt was paid. As heirs of their father they are responsible for his obligations, they having been put in possession of their share of his estate.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended; and it is now ordered, adjudged, and. decreed that there be judgment in favor of the plaintiff and against the defendants, appellants, for the sum of one thousand "dollars, each for his virile share, with interest as claimed in the petition; the costs of the lower court to be paid by the defendants, those in this court to be paid by the appellees.