No. 835

First Circuit

STATE EX REL. MITCHELL v. COHN FLOUR & FEED CO. ET AL.

(June 16, 1931. Opinion and Decree.)

Rownd & Warner, of Hammond, attorneys for relator.

Taylor, Porter & Brooks, of Baton Rouge, and Carroll Buck, of Amite, attorneys for respondent.

ELLIOTT, J. William L. Mitchell, defendant-appellant in suit of Cohn Flour & Feed Co. v. William L. Mitchell, No. 4002 on the docket of the district court for the parish of Tangipahoa, alleges that he suspensively appealed to this court from the judgment against him in said suit, but that Cohn Flour & Feed Company nevertheless procured the issuance of a writ of fieri facias on said judgment against him, caused his property to be seized, and is attempting to execute the same, regardless of his appeal, and that Cohn Flour & Feed Co. is supported by the respondent judge in its effort to defeat the effect of his said appeal.

The petition herein relates that the service of citation and copy of Cohn Flour & Feed Company's petition on him in said suit was domiciliary; the papers having been delivered to his wife during his absence from home.

That thereafter he filed exceptions to the suit, which were argued by counsel for Cohn Flour & Feed Company in the absence of, and without the knowledge of, his counsel, and were by the court overruled.

That not knowing said exceptions had been overruled, he made no further appearance, and thereafter a judgment by default was entered up against him, which was subsequently confirmed at a special session of the court, held December 23, 1930, after court had been adjourned for the Christmas holidays, and in the absence of, and without the knowledge or consent of, relator or his counsel.

That said judgment was signed on December 23, 1930.

That on December 30, 1930, notice of said judgment was issued to, but was not served on, him until February 23, 1931.

That although not notified of the judgment as the law requires, he learned of the fact and secured an order for a suspensive appeal therefrom, and on January 6, 1931, perfected said suspensive appeal by filing an appeal bond in the case, in the sum and amount required by law.

That on or about January 30, 1931, although notice of judgment had not been served on him, and notwithstanding he had perfected his suspensive appeal, Cohn Flour & Feed Company caused a writ of fieri facias to be issued against him, under which a large amount of property, real and personal, belonging to him was seized and about to be advertised for sale when he applied for an injunction.

That a rule issued to Cohn Flour & Feed Company in connection with his application, and after hearing before A. L. Ponder, Jr., one of the judges of said court, the rule was dismissed; the reason given by said judge for so doing, being that said appeal bond had not been filed within the time required by law for a suspensive appeal, after the signing of the judgment, and that said appeal had not been properly perfected and lodged in this court.

He avers that said judgment, if valid, is not executory and was not at the time said fieri facias was issued, because of his suspensive appeal to the Court of Appeals, pending at the time.

That Cohn Flour & Feed Company had apparently abandoned the original writ of fieri facias, but had recently caused another one to issue, which would be executed to his irreparable injury without hindrance from the district court, regardless of his suspensive appeal pending in this court.

That the jurisdiction of this court had vested at the time said writ issued by reason of said suspensive appeal, and that of the district court had been thereby at the same time divested.

He prays that writs of prohibition and mandamus issue to said Judge A. L. Ponder, Jr., and to Cohn Flour & Feed Company forbidding them from attempting to execute, or to allow the execution of, the judgment mentioned pending said appeal.

Alternative writs were issued as prayed for. The exhibits annexed to and made part of the petition to this court show that the service of the petition and citation on relator in the suit mentioned was domiciliary; that after having been cited he filed an exception urging that the petition against him in said suit was not drawn in the form required by the Pleading and Practice Act of this state, in that each ma-

terial allegation in said petition had not been separately numbered in a separate paragraph; which being overruled, a default was entered up against him and subsequently confirmed, by judgment signed in open court on December 23, 1930.

The minutes of January 3, 1931, show that a rule was taken up, heard, submitted, and dismissed on the ground that the court could not under rule set aside a judgment, and that relator, on the same day, upon motion in open court was granted a suspensive and devolutive appeal to the Court of Appeal, First Circuit, from said judgment of December 23, 1930, returnable on or before February 9, 1931, suspensive upon giving bond as required by law, devolutive upon giving bond in the sum of $50.

It is further shown that the judgment in question is for $1,416.40 with 8 per cent per annum interest thereon from September 15, 1930, until paid, and for 10 per cent in addition on the principal and interest due as attorney's fees. That relator gave an appeal bond in the case for $2,400 dated January 5, 1931, filed in the case on January 6, 1931. That a notice of judgment dated December 30, 1930, had issued, but was not served on him until February 23, 1931. That on January 30, 1931, a writ of fieri facias issued on the judgment, and the seizure of relator's property thereunder is admitted.

The respondent judge in his return does not deny any of the above-stated facts, but explains and defends his course in holding a term of court on December 23, 1930.

As for the writ of fieri facias, he returns that he had the power and right to decide whether or not the appeal from said judgment was suspensive, and found and held that it was not suspensive, for the reason that the bond had not been filed within ten days, counting from the time the judgment had been signed. That he had refused to quash and set aside the writ on said account. He denies that a suspensive appeal from said judgment of December 23, 1930, is pending in this court. He further returns having learned, after ruling that the writ had been recalled before he had ruled, but that another one had since been issued in its place. That he had not been called on to pass on the writ last issued.

Cohn Flour & Feed Company, responding, admits that there was domiciliary service in said suit; that relator filed an exception which was overruled, then, not knowing it had been done, no answer was filed; that thereafter a judgment by default was entered up against him, which was subsequently confirmed at a special session of the court held on December 23, 1930, without the knowledge or consent of relator, after it had been adjourned for the Christmas holidays.

Averment 6 in the relation of said Mitchell about the adjournment of the court, and the statements of the judges and several others, not deemed important in the present proceeding, are denied.

Respondent, upon information and belief, admits that relator obtained an order for, but denies that he suspensively appealed from, the judgment in question, and denies that the case is pending in this court on a suspensive appeal; admits having caused a writ of fieri facias to issue against relator on January 30, 1931, under which his property was seized. It alleges that the writ was properly issued and that the seizure was valid.

It avers in conclusion:

"That the above described judgment on

which execution has issued as aforesaid was rendered and signed on December 23rd, 1930 and that the appeal bond filed by the plaintiff herein was not filed in said court in which said judgment was rendered until January 6th, 1931, which filing was therefore not within ten days, not including Sundays, after said judgment was signed and therefore said appeal bond cannot and does not operate as a suspensive appeal bond and cannot and does not have the effect of effecting a suspensive appeal and does not stay execution of said judgment or any other proceedings thereon."

It thus appears that the only question is whether the filing of relator's appeal bond on January 6, 1931, served to render his said appeal suspensive.

The relator has not furnished us with any brief in support of his contention, but Cohn Flour & Feed Company, by brief, supports its contention and that of the respondent judge that the delay in which to give a suspensive appeal bond must be counted from the time of the signing of the judgment, which in this case took place on December 23, 1930, and counting therefrom the appeal bond filed on January 6, 1931, was one day too late to serve as suspensive appeal therefrom.

It is evidently the understanding of Cohn Flour & Feed Company, and it is also evidently the position of the respondent judge, that the effect of Act 163 of 1898, sec. 5 (amended Act 40 of 1904) passed in the enforcement of art. 117 of the Constitution of 1898 was to amend the Code of Practice, arts. 575 and 624, according to which the delay in which to suspensively appeal from a judgment confirming a default based on domiciliary service is to be counted from the time notice of judgment is served on the party cast. Art. 624 contains the same provision as to

judgments subject to appeal before execution can be issued thereon.

The Act mentioned, section 6, provides:

"That all judgments of the District Courts shall become executory ten (10) days, exclusive of Sundays, after being signed by the Judge. Any person aggrieved by the judgment may suspend the execution thereof by obtaining an order of appeal and furnishing bond for a suspensive appeal within the delay above mentioned in such sum as the law requires or may be fixed by the Judge, said appeal to be returnable to the proper appellate Court according to law."

Section 7:

"That all laws or parts of laws conflicting with the provisions of this Act be and the same are hereby repealed."

The Act 163 of 1898 was passed in the enforcement of the Constitution of 1898, art. 117, which, so far as pertinent, reads:

"Until otherwise provided by law, judgments shall be signed after three days from the rendition thereof, and becomes executory ten days from such signing."

This provision of the Constitution, and of Act 163 of 1898 in furtherance thereof, made all final judgments, whether based on defaults and domiciliary service or otherwise, executory ten days after signing, and to that extent superseded the provisions of the Code Practice, art. 575, as amended at that time by Act 45 of 1890 and article 624, both of which contain provisions requiring, where the judgment is upon the confirmation of a default and based on domiciliary service, in cases subject to appeal, that the time in which to suspensively appeal, or in which the judgment can be executed, is to be counted from the time of the service of notice of judgment. Such procedure had been the law since the adoption of Act 40 of 1843.

It may be well to state that since 1843 up to 1898 numbers of decisions were rendered holding that the time in which bond for a suspensive appeal might be filed, or in which such judgments could be executed that had been rendered in confirmation of a default was to be counted from the time notice of judgment was served on the party cast. See Greene v. Mayfield Johnson, 21 La. Ann. 464; State ex rel. Lobdell v. Judge, 22 La. Ann. 90; Taylor v. Pipes, 24 La. Ann. 551, page 555; Taylor v. Woodward, 25 La. Ann. 212; Hoffman v. Howell, 27 La. Ann. 304; Riley v. Howell, 28 La. Ann. 329; Francis v. Louise Martin, 28 La. Ann. 403; Verges v. Gonzales, 33 La. Ann. 410; De Sentmanat v. Soule, 33 La. Ann. 609.

But after the adoption of the Constitution of 1898, and the passage of Act 163 of 1898, judgments became executory, as claimed by respondents, ten days after the judgment was signed, subject to certain prerequisites, not important in the present matter.

But the Constitution of 1921 does not contain any provision, such as we have quoted, from the Constitution of 1898, and the Legislature, by the adoption of Act 289 of 1926, amending art. 575 of the Code Practice, has restored the former provision of the law, requiring notice of judgment to be served in cases like the present, and making the time, in which a suspensive appeal may be taken, count from the time of such notice.

It says, Code Practice, art. 575 (amended Act 289 of 1926):

"If the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and all further proceedings, until defini-

tive judgment be rendered on the appeal, provided," etc.

This provision for notice in article 575 on the subject of appeal restores the effect of the same provision in article 624, when it comes to the execution of a judgment subject to appeal.

This article provides:

"Respecting judgments subject to appeal, the party in whose favor one is rendered can only proceed to the execution after ten days, counting from the notification which he is obliged to make to the opposite party, if the latter has not appealed from the judgment within this interval, or if, having appealed, he has failed to furnish the security necessary to stop execution; provided," etc.

Applying Code Practice, art. 575 (amended Act 289 of 1926) to the present case, service on Mitchell to appear and file his answer was domiciliary, and the judgment against him being the confirmation of a judgment by default, the ten days delay in which to suspensively appeal is to be counted from the service of notice of judgment. Mitchell having appeared in open court and moved for and was granted a suspensive appeal, he must be considered as accepting notice and waiving service, dating from the order granting the appeal, which was January 3, 1931. And the bond having been filed on January 6, 1931, the appeal was suspensive and must have effect accordingly.

In Verges v. Gonzales, cited supra, we notice the language, "The defendant thus constructively before the court as surety, not having answered, having made no actual appearance in the case, was entitled to notification of the judgment rendered against him."

In Lobdell v. Judge, cited supra, it was urged that the party was precluded from

urging want of notice of the proceedings, he having received notice through the fact that his counsel was present when the proceedings were carried on, decided, etc. But the court held that the party cast was entitled to notice of the judgment, such as the law provides for. And in Taylor v. Woodward, heretofore cited, an exception had been filed by the party cast which had been overruled, but the appearance made, did not, in the opinion of the court, dispense with the necessity for the service of a formal notice of judgment on the party cast, such as the law provided for.

In the present case, the appearance which relator made in the case mentioned, merely setting forth that the petition against him did not comply with the requirements of the pleadings act, was of course taking notice of the suit, but it was not an answer such as the law provides for in providing that after personal service, or after an answer has been filed by the party cast, he will be deemed to have notice of the judgment rendered against him as a result of its having been signed by the judge.

The Constitution of 1898 having been superseded by that of 1921, the provision which it contained, relative to the time within which judgments rendered by district judges became executory, is no longer a constitutional provision. The Act 163 of 1898, sec. 6, making "all judgments of the District Courts shall become executory ten (10) days, exclusive of Sundays, after being signed by the Judge" stands, to the extent that it is in harmony with the Code Practice, art. 575 (amended Act 289 of 1926), and thereunder in all cases when the defendant has had personal service made on him to appear and file his answer, or when a judgment has been rendered in a case after answer filed by the defendant, then the ten days in which to suspensively appeal or to execute is to be counted from the day it was signed by the judge. But when the judgment is the confirmation of a default, based on domiciliary service, as in the present case, then the later law, Act 289 of 1926, governs and the service of notice of judgment on the party cast is necessary in an appealable case before it can be executed. And in such a case the ten days in which the party cast may suspensively appeal is to be counted from the time of the service of such notice.

Therefore Cohn Flour & Feed Company, in endeavoring to execute the judgment in question from which relator has suspensively appealed to the Court of Appeal, is proceeding in violation of the law, and the respondent judge, in not quashing the writ of fieri facias issued, when called on to do so and to stop the execution, also proceeded contrary to the law, and in violation of the vested jurisdiction of this court. It is necessary for us to give proper effect and protection to relator's suspensive appeal, until it has been disposed of as the law provides.

For these reasons the alternative writs of mandamus and prohibition heretofore issued herein to Cohn Flour & Feed Company and to the respondent judge are now made peremptory. The writ of fieri facias which the respondents both state to have been issued on said judgment against W. L. Mitchell is annulled, and the said Cohn Flour & Feed Company and the respondent judge are each forbidden to proceed any further in the matter of the execution of said judgment, until the pending appeal has been acted on in this court, and our action has become final.

It is further ordered that Cohn Flour & Feed Company pay the cost of this proceeding.