## STRANGE v. ALBRECHT et al.*
### No. 16816.

Court of Appeal of Louisiana. Orleans.

Nov. 2, 1937.

Wm. Donnaud, of New Orleans, for appellants.

H. W. & H. M. Robinson, of New Orleans, for appellee.

McCALEB, Judge.

On August 25, 1937, appellants, J. Ulrich Albrecht and F. August Spengler, applied for and were granted a suspensive appeal to this court from a judgment against them in the civil district court for the parish of Orleans, which was signed on June 10, 1937.

The appellee has moved to dismiss the appeal upon the ground that it was not taken within ten days, not including Sundays, after the judgment was signed.

The appellants contend that the application for the appeal was timely, inasmuch as the judgment in favor of appellee was taken by default on issue joined by domiciliary service of citation; that no notice of judgment was served upon them; and that in such cases default judgments do not become executory, under the provisions of articles 624 and 575 of the Code of Practice, until after the expiration of ten days from the date on which the defendant is notified of the judgment.

The record reveals that the services of citation and the petition upon the defendants-appellants were domiciliary, and that a default judgment was entered upon issue joined by virtue thereof. This default judgment was signed on June 10, 1937,

*Rehearing denied Nov. 15, 1937. Writ of certiorari refused Nov. 29, 1937.

and the appellants were never served with notice of it. Accordingly, under the provisions contained in articles 624 and 575 of the Code of Practice, the district judge properly granted to the appellants a suspensive appeal, inasmuch as the judgment had never become executory.

But the appellee asserts that articles 575 and 624 of the Code of Practice were repealed by article 117 of the Constitution of 1898 and by Act No. 163 of 1898 (which was passed for the purpose of carrying out the provisions of article 117 of the Constitution of that year). It is further argued that, since the passage of article 117 of the Constitution of 1898 and Act No. 163 of 1898, suspensive appeals, from all judgments rendered by the district courts of the state, are required to be taken within ten days after the day on which the judgment is signed. It is pointed out that the provision of article 117 of the Constitution of 1898 (respecting appeals) was made part of the Constitution of 1913 (article 117) and that, while this provision was omitted from the Constitution of 1921, nevertheless, the articles of the Code of Practice, with regard to notification of the adverse party of default judgments in cases of domiciliary service of citation, have not been re-enacted by the Legislature.

The appellants deny that articles 624 and 575 of the Code of Practice were repealed either by article 117 of the Constitutions of 1898 and 1913, or by Act No. 163 of 1898. They further claim that, even though it should be held that these articles were repealed (as maintained for by appellee), the Legislature, in 1926 (Act No. 289), re-enacted article 575 of the Code of Practice and that, under the provisions of that article as re-enacted, a notice of judgment is required in case the judgment is taken by default and is based upon citation by domiciliary service. In substantiation of their position, appellants have directed our attention to the case of State ex rel. Mitchell v. Cohn Flour & Feed Co. et al., 17 La.App. 108, 135 So. 385, 387, decided by our brethren of the First circuit, wherein the identical question presented here was considered and passed on adversely to the contention of the appellee. There, it was held that articles 575 and 624 of the Code of Practice were repealed by article 117 of the Constitution of 1898 and by Act No. 163 of 1898, and that, from that time and until the passage of Act No. 289 of 1926, re-enacting article 575 of the Code of Practice, it

was the law of this state that a suspensive appeal must be taken in all cases within ten days, exclusive of Sundays, after the date on which the judgment was signed. It was further held that, in the year 1926 when the Legislature passed Act No. 289 thereof, which re-enacted the provisions of article 575 of the Code of Practice, "this provision for notice in article 575 on the subject of appeal restores the effect of the same provision in article 624, when it comes to the execution of a judgment subject to appeal."

It has been well established by a long list of authorities, some of which are cited by the court in the Mitchell Case, supra, that, under articles 624 and 575 of the Code of Practice, a notice of judgment is necessary, where a judgment is taken by default on issue joined by domiciliary service, before such judgment can become executory and that the party cast has ten days, after the service of such notice, within which to apply for a suspensive appeal.

This conclusion is also plainly exhibited by the language of these articles, the pertinent portions of which read as follows:

Article 624. "Respecting judgment subject to appeal, the party in whose favor one is rendered can only proceed to the execution after ten days, *counting from the notification which he is obliged to make to the opposite party,* * * * provided, that whenever an answer has been filed in a suit, in which the defendant has had personal service made upon him to appear and file his answer, or when a judgment has been rendered in a case after answer filed by the defendant, or by the counsel, the party cast in the suit shall be considered duly notified of the judgment, by the fact of its being signed by the judge." (Italics ours.)

Article 575. "If the appeal has been taken within ten days, not including Sundays, *after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given,* it shall stay execution and all further proceedings, until definitive judgment be rendered on the appeal. * * *

"Whenever judgment has been rendered in a suit in which the defendant has had personal service to appear and file his answer, or when judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the

judgment by the fact of its being signed by the judge." (Italics ours.)

These articles remained in full force and effect until the passage of the Constitution of 1898 which provided, in article 117, that: "Until otherwise provided. by law, judgments shall be signed after three days from the rendition thereof, *and become executory ten days from such signing."* (Italics ours.)

Act No. 163 of 1898, which was passed to carry out the provisions of article 117 of the Constitution of that year, declares: "That all judgments of the District Courts shall become executory ten (10) days, exclusive of Sundays, after being signed by the Judge." Section 6.

This act repealed all laws or parts of laws conflicting with its provisions.

The court, in the Mitchell Case, supra, was of the opinion that article 117 of the Constitution of 1898 and Act No. 163 of 1898 repealed articles 624 and 575 of the Code of Practice and dispensed with the requirement of notification of judgment.

The same provision, contained in the Constitution of 1898, was again inserted in the Constitution of 1913. However, the provision was omitted from the Constitution of 1921. Notwithstanding this omission, Act No. 163 of 1898 was and remained in effect from the date of its passage until the passage of Act No. 289 of 1926, when the Legislature amended and re-enacted article 575 of the Code of Practice and repealed all laws in conflict therewith or contrary thereto. An examination of Act No. 289 of 1926 reveals that the Legislature re-enacted that article in its entirety, except for the elimination of the following: "Provided, that in the country parishes no execution shall issue in cases where an appeal lies, until ten days after the adjournment of the court, by which the judgment was rendered, within which delay a party may take a suspensive appeal on filing petition and appeal bond, as now provided by law."

The court, in the Mitchell Case, was of the opinion that the effect of the re-enactment of article 575 of the Code of Practice, by the passage of Act No. 289 of 1926, restored the provision of article 624 which requires that notice be given, where judgments are taken by default on issue joined by domiciliary service upon the defendant. Counsel for mover and appellee, however, criticizes the result reached in the Mitchell Case and maintains that the holding there entirely overlooks the fact that the sole re-

quirement for notice of judgment is to be found in article 624 of the Code of Practice and not in article 575. In other words, it is claimed that article 575 provides for notice of judgment only in cases where notice is required by law to be given; that there is no declaration contained in article 575 which compels the giving of such notice; and that the only stipulation for notice is found in article 624, which was not re-enacted by Act No. 289 of 1926. We believe that this argument is unsound as it attempts to force a strained construction of the provisions of Act No. 289 of 1926, and disregards the obvious purpose for which the statute was passed. While it is true that Act No. 289 declares that notice of judgment is necessary only in cases where such notice is required by law to be given, it further sets forth that: "Whenever judgment has been rendered in a suit in which the defendant has had personal service to appear and file his answer, or when judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge."

This latter declaration is an enumeration of the cases in which notice of judgment is not necessary, and it would seem to follow that in all other cases a notice must be given. To hold that it was not the intention of the Legislature to provide for notice of judgment, where the same was taken by default on issue joined by domiciliary service, would be to render the article without effect, as it must be borne in mind that prior to its passage a notice of judgment was unnecessary in all cases.

It is well recognized that, in cases of statutory construction, the court will presume that the Legislature knew and was well acquainted with its prior enactments. We must therefore assume that the lawmaking body was fully informed that, under the law as it stood prior to 1926, a notice of judgment was not required in any case. That it was its intention to provide otherwise is plainly evidenced by the passage of Act No. 289 of 1926. This was the view of the court in the Mitchell Case, and we fully concur in the reasoning justifying the conclusion reached there.

Appellee, in his criticism of the Mitchell Case, calls our attention to the fact that the court did not discuss the case of Hitt v. Herndon, 166 La. 497, 117 So. 568, decided by the Supreme Court in 1927, where

it was said that the main, if not the sole, purpose of Act No. 289 of 1926, was to eliminate the delay of appeal in the country districts. The question before the Supreme Court in that case was whether Act No. 289 of 1926 repealed Act No. 112 of 1916. The court found that, inasmuch as the two acts were not on the same subject and were not inconsistent with each other, a repeal was not effected by the passage of Act No. 289 of 1926. The observation made by the court with respect to the main purpose for which Act No. 289 was passed, is obviously dicta and has no connection with the question here presented for determination. That case is readily distinguishable from the one at bar upon the ground that the provisions of Act No. 163 of 1898 are plainly inconsistent with those contained in Act No. 289 of 1926.

For the foregoing reasons, the motion to dismiss the appeal is denied.

Motion to dismiss denied.