The relators, Leach McLain and Continental Casualty Company, are hereby seeking relief, through writs of certiorari, mandamus and prohibition, from the action of the district judge of the 17th Judicial District Court in and for the Parish of Terrebonne, in refusing to grant them an order of suspensive appeal from a judgment rendered against them in which an employee recovered compensation from them under the Workmen's Compensation Law of the State of Louisiana. Act No. 20 of 1914.
In their petition for the writs, relators allege that they were represented in the said suit by a firm of New Orleans Attorneys who had associated with them another firm of lawyers in Houma, La. They aver that after trial of the suit on December 17, 1941, the Court took the same under advisement and on April 6, 1942, without knowledge on the part of any of their attorneys rendered judgment in favor of the plaintiff and against them. They allege further that on April 24, 1942, when they became aware of the said judgment, they presented a motion, supported by a good and sufficient bond, to the district judge, asking that he grant them a suspensive appeal but the same was refused.
In setting out the grounds on which the district judge refused to grant them an order of suspensive appeal, the relators have copied the reasons given by him in full in their petition. These are in effect that although he may not have been present at the moment the judgment was actually rendered and signed, one of the relators' counsel was *Page 337 
present when court convened that morning. The petition further sets out that for the reasons stated at some length in an affidavit annexed thereto, the attorney referred to had to leave the court room before the opinion was rendered and the judgment signed that morning. The recital of these facts is given, we presume, to support the relators' further allegation that they did not have actual notice of the judgment which, they seem to contend, was necessary before the ten days delay for obtaining an order of suspensive appeal began to run. In view of the provisions of the law relating to such notice however, and of the situation which existed in this case, the facts recited are of no importance whatever.
The pertinent provisions of the law are found in Art. 575 of the Code of Practice. Both this article and also the related Article 624 had been repealed by Article 117 of the Constitution of 1898 and by Act 163 of 1898. Act 289 of 1926 had the effect however of re-enacting Article 575 and so much of Article 624 as was not eliminated from its provisions. See State ex rel. Mitchell v. Cohn Flour Feed Co. et al., 17 La.App. 108, 135 So. 385; Strange v. Albrecht et al., La.App., 176 So. 700. As provided in Act 289 of 1926, which in effect is the present form of Article 575 of the Code of Practice, whenever judgment has been rendered in a case after answer has been filed by the defendant, or his counsel, the signing of the same by the Judge is ipso facto notice thereof to the party cast in the suit. In this case, according to the relators' own allegations, and to the statement of the district judge which is quoted by them in their petition, they both had filed an answer and were represented by an attorney who participated in the trial of the suit. Plainly therefore this was a case in which the signing of the judgment by the Judge constituted all the notice to the relators that was required under the law.
Relators seem to contend further however, that they had ten days from the day after the adjournment of Court for the current term, which was on April 30, 1942, in which to apply for and have been granted a suspensive appeal. They allege that they were entitled to that delay under the provisions of Article 624 of the Code of Practice. Under that article as it formerly existed, there was a provision to the effect that in the country parishes, no execution could issue in cases where an appeal lies until ten days after the adjournment of court for the term during which judgment was rendered, within which delay a suspensive appeal could be taken. But that provision of the article was eliminated when Act 289 of 1926 was enacted and it is no longer in effect. In fact, in Hitt v. Herndon, 166 La. 497, 117 So. 568, 570, it is stated that "the main, if not the sole, purpose of Act 289 of 1926, was to eliminate the concluding paragraph of Act 45 of 1890" which embodied the same provisions as those contained in the concluding paragraph of Art. 624 of the Code of Practice which relators apparently rely on.
We conclude that this is not a case where we are concerned with a matter of discretion on the part of the district judge. He was confronted with a question of law on which he could only act in the manner he did in refusing to grant the order for a suspensive appeal.
The writs herein applied for are refused and relators' application is dismissed at their costs.