On Rehearing
CAVANAUGH, Judge.
The facts and issues in this case are fully stated in our original opinion.
A rehearing was granted on application of plaintiff, appellee. The Baton Rouge Bar Association, Inc., through its Rules of Court committee, has filed a brief amicus curiae.
The grounds urged by plaintiff, appellee for a rehearing are:
(1) That the Court erred in holding that a motion to transfer, filed pursuant to Sec *428 tion 1 of Rule 5 of the rules of the ‘Nineteenth Judicial District Court, is such a pleading or written motion as must be served on a defendant in accordance with LSA-R.S. 13:3345;
(2) A judgment rendered against á party in default (where such service has not been made) is “null on the face of the record”. .
That portion of Rule 5, Section 1, of the rules of the Nineteenth Judicial District Court, with which we are concerned, reads as follows:
“ * * * Provided, however, that whenever a case has been previously alloted to a division of the Court, which is then currently handling criminal matters as the criminal division, the case shall, upon written motion of counsel for any party be transferred from that division of the Court to the division which was last designated as the criminal division under these rules. The Clerk shall provide forms for such motion.”
We held on the original hearing that it was apparent on the face of the record, that defendant did not have any notice of the transfer of the case from the criminal division to another division, sitting as a civil division, the transfer could not legally be made under LSA-R.S. 13:3345. This section of the Revised Statutes reads as follows:
“Every pleading subsequent to the original petition, every written motion and every written notice, appearance, demand, and similar papers shall be served upon each of the parties affected thereby through his attorney of record, or on the party, if not represented by an attorney, but no service need be made on parties in default for failure to appear except pleadings asserting new or additional claims for relief against them.”
Service of petition and citation were made on the defendant in this case by domiciliary service, and the default entered and later confirmed was based on that service. Since the defendant was in default for failure to appear and no new, or additional claim for relief was made against him by the motion to transfer, it was not necessary for him to ■ have notice of the transfer. This is evident by the exception made in the statute, that portion of the section which reads:
“ * * * but no service need be made on parties in default for 'failure to appear except pleadings asserting new or additional claims for relief against them.”
The case of Alonso v. Bowers, 222 La. 1093, 64 So.2d 443, cited and relied upon by defendant, appellant, is not apposite here because the pleading involved was an amended petition, in which the amount claimed and sued for was increased and the plaintiff in that case was asserting_a new or an additional claim.
On reconsideration of the question and for the above reasons, our decree reversing the judgment was erroneous. Unless there are other substantial grounds contained in the record for reversing the judgment, the judgment of the District Court will have to be affirmed.
The defendant, appellant has vigorously argued in this Court on the second hearing, that the delay for applying for a new trial, or rehearing from a default judgment based on domiciliary service commences to run from the time the defendant has notice of the judgment and does not run from the time the judgment is signed. In other words, defendant, appellant contends that he had three days within which to file a motion for a new trial from the date he had notice of the judgment. He argues that since notice of judgment is a prerequisite before execution based on a judgment obtained by domiciliary service to commence the running of the delay for an appeal under Articles 575 and 624 of the Code of Practice, and that notice of judgment under Article 543 of the Code of Practice is prerequisite before the delay for applying for a new trial, rehearing or an appeal commences to run, it should also be under Article 558. We are asked to determine once and for all when the delay commences to run for applying for a new trial or a re *429 hearing when a judgment is based on domiciliary service.
The present law providing for the delays for applying for a new trial or rehearing is contained in LSA-R.S. 13:4213, which reads as follows:
“An application for a new trial or a rehearing in a civil cause in the district court must be filed: (1) in Orleans Parish, before the judgment is signed; (2) in all other parishes, either before the judgment is signed, or within three days of rendition of judgment, if the latter has been signed before filing the application.”
The Revised Statutes did not make any new law and the Courts at the time they were adopted were of the opinion that a judgment was not rendered until it was signed, and that delays for applying for new trials, r’ehearings or for appeals did not commence to run until the judgment was signed.
Article 575 of the Code of Practice, which covers the subject of a suspensive appeal, delay, bond and surety, provides:
“If the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and all further proceedings, until definitive judgment be rendered on the appeal; * * *.
“Whenever judgment has been rendered in a suit in which the defendant has had personal service to appear and file his answer, or when judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge.” As amended, Acts 1876, No. 24; 1890, No. 45; 1926, No. 289.
The execution referred to in the above Article and which notice was required to precede is that provided for in Article 624 of the Code of Practice which states:
“Respecting judgments subject to appeal, the party in whose favor one is rendered can only proceed to the execution after ten days, counting from the notification which he is obliged to make to the opposite party, if the latter has not appealed from the judgment - within this interval * * *; provided, that whenever an answer 'has been filed in a suit, in which the defendant has had personal service made upon him tp appear and file his answer, or when a judgment has been rendered in a case after answer filed by the defendant, or by the counsel, the party cast in the suit shall be considered duly notified of the judgment, by the fact, of its being signed by the judge * *
All of the above provisions of the law, which we have quoted hereinabove, relate to notice of judgment before appeal and execution and none of them have anything to do with the subject of .a new trial or rehearing.
Defendant has cited Article 543 of the Code of Practice as amended, which provides that all judgments- must be rendered, read and signed by the judge in Open Court; and provides further that where District Judges hold Court in a Judicial District composed of more than one parish they shall have the right to render, read and sign judgments in Open Court in any parish in their Judicial District in any case arising in any parish in said district, which judgment shall be forwarded to the Clerk of Court of the parish in which said case originated, who shall record the same in the minutes of said Court and shall immediately notify the parties, or their counsel, that the legal delays for making a motion for a new trial, or taking an appeal, shall not commence to run until the service by the Sheriff of the notice of judgment issued by the Clerk.
This Article also provides that by making a request in writing and by depositing a small fee to cover mailing and postage, any party, or attorney of record, in any cause, who, or which, is a nonresident of the parish in which the cause is pending, may request the Clerk of Court of said parish to send said party, or attorney, written notice by registered mail of the rendition of any judgment in said cause and the legal delays *430 for making a motion for new trial, or for taking an appeal, shall not commence to ran in such cases until three days after said Clerk has deposited in said mail, addressed to said party, or counsel, the aforesaid notice of judgment.
Defendant contends that this Article, Art. 543, with Articles 558 and 563.3-563.5 (now LSA-R.S. 13:4262-4264) of the Code of Practice, should all be construed together and for the sake of uniformity the Court should establish a definite rale fixing the delay to run for applying for a motion for a new trial, or rehearing, where the judgment is based on domiciliary service from the time the defendant has notice of the judgment. It seems strange to us why the legislature made provision for notification of decrees when rendered in different parishes of a Judicial District and also provides for special notice for an attorney or defendant not residing in the particular parish where the case was tried to have notice under special circumstances, before the delay commenced to run for applying for a new trial or rehearing but not to provide notice of judgment where a litigant has never been personally served with a petition or citation. But that is the law and we can’t change it by judicial construction.
The courts of this State have held that domiciliary service is due process. Brannin v. Clements, La.App., 142 So. 621.
The Court of Appeal, Parish- of Orleans, stated the reason why the lawmaker-thought notice of judgment was necessary before execution:
“The requirement that notice be given before execution may issue results from a recognition on the part of the lawmakers of the fact that where the litigation has been commenced only by domicilary service, there is the possibility that the defendant has not actually received the citation and that, in fact, he may have no knowledge that he has been sued and that a judgment has been rendered against him. The lawmakers believed that, because of this possibility, such a defendant should be actually notified that such a judgment has been rendered against him in order that he might avail himself of one of the methods of revision, reversal or annulment referred to. The requirement that such notice be given was not intended to give to the defendant any right to set up any defense which should have been resorted to prior to judgment but to give him only those rights which are accorded to any defendant against whom there has been rendered a judgment which is final so far as the court which rendered it is concerned, and which may be ‘revised, set aside or reversed’ only in one of the methods set forth by law.”
Metairie Bank in Liquidation v. Lecler, 4 So.2d 573, 575.
It is noted that the .requirement of notice be given before execution and does not intimate that a defendant is entitled to notice of judgment before the delays for a new trial, or a rehearing, commence to run. Judge McCaleb in Strange v. Albrecht, La.App., 176 So. 700, 702, speaking of the notice required to be given to judgment debtors and approving our ruling in State ex rel. Mitchell v. Cohn Flour & Feed Co., 17 La.App. 108, 135 So. 385, 387, under Act No. 289 of 1926, said in that case:
“Counsel for mover and appellee, however, .criticizes the result reached in the Mitchell case and maintains that the holding there entirely overlooks the fact that the sole requirement for notice of judgment is to be found in article 624 of the Code of Practice and not in article 575. In other words, it is claimed that article 575 provides for notice of judgment only in cases where notice is required by law to be given; that there is no declaration contained in article 575 which compels the giving of such notice; and that the only stipulation for notice is found in article 624, which was not re-enacted by Act No. 289 of 1926. We believe that this argument is unsound as it attempts to force a strained construction of the provisions of Act No. 289 of 1926, and disregards the obvious purpose for which the statute was passed. While it is true that Act No. 289 declares that notice of judgment is necessary only in cases where such notice is required by law to be given, it further sets forth that: ‘Whenever judg *431 ment has been rendered in a suit in which the defendant has had personal service to appear and file his answer, or when judgment has been rendered in a case after answer filed by the defendant, or by his counsel, the party cast in the suit shall be considered duly notified of the judgment by the fact of its being signed by the judge.’
“This latter declaration is an enumeration of the cases in which notice of judgment is not necessary, and it would seem to follow that in all other cases a notice must be given. To hold that it was not the intention of the Legislature to provide for notice of judgment, where the same was taken by default on issue joined by domiciliary service, would be to render the article without effect, as it must be borne in mind that prior to its passage a notice of judgment was unnecessary in all cases.
“It is well recognized that, in cases of statutory construction, the court will presume that the Legislature knew and was well acquainted with its prior enactments. We must therefore assume that the lawmaking body was fully informed that, under the law as it stood prior to 1926, a notice of judgment was not required in any case. That it was its intention to provide otherwise is plainly evidenced by the passage of Act No. 289 of 1926. This was the view of the court in the Mitchell case, and we fully concur in the reasoning justifying the conclusion reached there.”
The above case likewise had to do with notice of judgment based on domiciliary service prior to execution.
In the case of Gulf States Finance Corp. v. Colbert, 61 So.2d 626, 629, decided by this Court after the adoption of the Revised Statutes in 1950, made the unqualified statement that it is the established jurisprudence of this State:
“It is now well established in the jurisprudence of this State that the provision for notice of judgment upon the party cast in a judgment of default whenever such judgment was based on domiciliary service is for the benefit of the judgment debtor, in order to apply for a new trial, a rehearing or for an appeal, but it' is likewise well settled that the judgment debtor may waive .such benefit or privilege like any other benefit or privilege. The following facts as contained in the record, to our mind clearly shows that the defendant' waived the notice of judgment, if in truth and in fact she had not been served with a notice of judgment.”
The Supreme Court granted certiorari and affirmed our judgment 223 La. 743; 66 So.2d 793. This case had to do with notice of judgment before the delays commenced to run against an appeal. We have- not been able to find any case holding that the delays for filing a motion for a new trial, or rehearing, from a judgment based on domiciliary service did not commence to run until notice of the judgment was s'erved.
All of the cases we have examined and the present ruling of the Courts is that no appeal lies until a-judgment is signed and that an appeal can not be taken from an unsigned judgment. A judgment is not considered final until it is signed and it is not rendered until it is signed. Foster v. Kaplan Rice Mill, 203 La. 245, 13 So.2d 850.
The. delay for applying for an appeal does not commence to run until a ruling of the Court on a motion for a new trial, or rehearing, timely filed. Article 558 of the Code of Practice provides that motions for a new trial must be filed within three days of the rendition o'f judgment and the only exceptions to this are the two exceptions found in Article 543 of the Code of Practice, namely: when the judgment is signed in a parish in a Judicial District comprising more than one parish other than the one in which the cause is tried; and, the second exception is when the litigant, or attorney, is a nonresident of the parish where the cause is tried and he makes a deposit of a small fee with the Clerk of Court to obtain written notice of the rendition of the judgment.
We quote from the case of Lemon v. Marrero, 12 Orleans App. 74, to show that the law applicable to appeals and ex *432 ecution of judgments has nothing to do with the delay for applying for a new trial or rehearing from a judgment based on domiciliary service:
“On May 1st, 1914, judgment was rendered and signed maintaining defendant’s exception and dismissing plaintiff’s suit. More than three judicial days thereafter, namely, May 19th, the plaintiff applied for a new trial, and it was granted. Thereupon defendant appealed and in support thereof contends that the motion applying for a new trial and the judgment granting same should be reversed, as more than three judicial days having elapsed since the signing of the judgment, it was too late for the trial Court to entertain or pass upon a motion for a new trial or in any way to revise its own judgment.
“The contention is well founded under C.P., 558, which with certainty fixes the delay within which a new trial should be sought. This delay runs from the rendition of the judgment and not from the date when the judgment has been notified. The requirement as to notice has to do solely with the execution of the judgment and the delays for appeal.
“As the trial Court was wholly powerless to entertain the application for a new trial, it is futile to enquire into or consider the grounds upon which it granted same in the present instance.”
The ruling in the cited case was the same as ours in McClelland v. District Household of Ruth, 151 So. 246, and that of our brethren of the Second Circuit in Wallace v. Martin, La.App., 166 So. 874. In the Mc-Clelland case, Judge Mouton, the author of the opinion, gave the illustration of a judgment rendered, which was absolutely null and void on the face of the record for the want of citation. Certainly if there was no citation, then there could have been no domiciliary service, or service of any kind. In the Lemon case, decided by the Court of Appeal, Parish of Orleans, a new trial was granted by the District Court from a judgment sustaining an exception of no cause of action, and the question of notice as to when the delays commenced to run on account of lack of notice of the rendition of the judgment, and the Court there correctly held that the matter of notice only applied to execution and appeals and had nothing to do with the time for applying for a new trial or a rehearing.
If Article 558 had contained a provision for notice of judgment prior to the commencement of the delay for applying for a new trial or rehearing, or if a motion for a new trial or rehearing was a necessary prerequisite prior to execution or appeal, then defendant, appellant would have sound logic on which to base his contention. But a motion for a new trial or a rehearing is not a prerequisite to an appeal or an execution of a judgment as provided in Articles 575 and 624 of the Code of Practice, or a new trial or rehearing, with the exception of the two circumstances provided for in Article 543 of the Code of Practice. Therefore, we hold that notice of judgment based on domiciliary service is not a prerequisite to commence the running of the delay to file a motion for a new trial or rehearing but that the delay commences to run immediately upon the signing of the judgment, except under the circumstances recited in Article 543 of the Code of Practice.
La.Law Rev., Vol. 9, page 509.
The Court, as we view the matter before us, has no right to apply the law applicable to notice of judgment to toll the time based on domiciliary service for the purpose of taking an appeal or executing a judgment to that for applying for a new trial or rehearing. It is our duty to interpret the law, not to make it. That is for the legislature.
For the reasons stated, our original decree rendered herein is avoided and reversed and the judgment of the District Court is affirmed.