for the purpose of keeping Mrs. White from getting it?" Trans. p. 69.

The court ruled that the question was leading, suggestive, and called for the opinion of the witness.

We see no error in the ruling. As to the purpose of the defendant in covering up the arsenic, if, in fact, it was covered up, the question clearly called for the opinion of the witness.

Finding no reversible error in the rulings excepted to and presented in defendant's bills, and none appearing on the face of the record, no purpose would be served by reviewing the state's bill of exceptions.

For the reasons stated, the verdict and sentence appealed from are affirmed.

O'NIELL, C. J., dissents from the ruling on bill No. 2.

150 So. 847

**Succession of MARKHAM.**

No. 32411.

Oct. 30, 1933.

Lee, Gilmer & Lee, of Shreveport, for appellant.

Herndon & Herndon, of Shreveport, for appellee.

O'NIELL, Chief Justice.

The appellee has moved to dismiss the suspensive appeal in this case on the ground that the appeal bond was filed after the expiration of ten days from the date on which the judgment was signed. In fact, there are two such appeals, and the motion is to dismiss both of them.

It is true that the appeal bond was filed after the expiration of ten days from the date on which the judgment was signed; but the judgment was signed before the expiration of the time allowed by law for the filing of a motion for a new trial, or for a rehearing; and a motion for a rehearing was filed within the time allowed, though after the judgment was signed. The appeal bond was filed within ten days from the date on which the motion for a rehearing was overruled.

When a judgment has been signed before the expiration of the time allowed by law for the filing of a motion for a new trial, or for a rehearing, and a motion for a new trial or for a rehearing is filed within the

time allowed therefor, and thereafter is overruled, the ten days in which a suspensive appeal may be taken are counted, not from the date of the signing of the judgment, but from the date of the overruling of the motion for a new trial, or for a rehearing, as the case may be. State ex rel. Wellman v. Bell, Judge, 142 La. 662, 77 So. 493; Herold v. Jefferson, 172 La. 315, 134 So. 104.

The motion to dismiss is overruled.