There is before us a motion filed by plaintiffs-appellees to dismiss defendant's appeal from a decree of the lower court issuing a preliminary writ of injunction against defendant and certain of its agents, employees and representatives.
The petition alleges that plaintiffs operate a warehouse on St. Peter Street in New Orleans, in a building leased by them from Henderson Sugar Refinery, Inc., and that there exists a labor dispute between Henderson Sugar Refinery, Inc., and defendant labor union. That as an incident to the dispute, in which plaintiffs are in nowise involved, their business has been illegally interfered with through picketing activities on the part of the members of the union, and that unless the complained of picketing is enjoined, plaintiffs will suffer irreparable injury.
A temporary restraining order enjoining the acts complained of was granted, and after a hearing on the rule nisi the preliminary writ of injunction, from which this appeal has been taken, was issued by a decree rendered and signed on February 5, 1948.
On February 12, 1948, defendant moved for a new trial, which was refused by the court on the same day.
On February 16, 1948, defendant then applied to the Supreme Court of Louisiana (No. 38,899) for writs of certiorari and prohibition, commanding the trial judge to send to the Supreme Court a certified copy of all proceedings had in the matter, and "directing him and the plaintiff in said suit not to proceed further with the execution of said preliminary injunction and order same to be set aside, annulled and dissolved and that in the meantime all proceedings in the lower court be stayed pending action on this petition by this Honorable Court; that also in the meantime the execution of the preliminary injunction issued February 5, 1948 be suspended and held in abeyance until the further order of this Honorable *Page 528 
Court." The writs were refused on February 18, 1948, with the following comment:
"Writs refused. Relator's remedy is by an appeal to the appropriate appellate court. See. Sec. 9 of Act No. 203 of 1934."
Thereupon defendant perfected the present appeal, and appellees urge its dismissal on three grounds: (1) That this court is without jurisdiction ratione materiae, (2) that the appeal was not taken within ten days from the date of the order granting the preliminary writ of injunction, and (3) that only a moot question is involved. The third ground need not be considered.
Appeals by either party are authorized in a labor dispute from an order issuing or denying any temporary injunction, by the provisions of Act No. 203 of 1934, § 9.
[1, 2] In support of their contention that this court lacks jurisdiction ratione counsel argue that under the lease from Henderson Sugar Refinery, Inc., which is in writing and is for a term of one year, plaintiffs pay $600 rent per month, and that the value of the right sought to be protected by the injunctive process is $7,200, which is much more than our maximum jurisdictional amount.
However, we fail to see how the amount of the yearly rental paid for the occupancy of the building in which plaintiffs' business is conducted can in any way be used or even considered in the matter of determining the amount involved. In all cases where a right sought to be protected has a pecuniary value, such value will govern jurisdiction of an appeal, and an appellate court has original jurisdiction for determining facts affecting its own appellate jurisdiction.
In the case of Frierson et al. v. Cooper, 196 La. 450,199 So. 388, 389, plaintiffs sought to enjoin defendant, who conducted his business in an open courtyard or patio, from permitting music to be played therein after 12 o'clock at night. In determining its jurisdiction, the Supreme Court said:
"* * * Taking into consideration the volume of the relator's business and the volume of the business derived from the use of the music as an added attraction would in our opinion make the restricted right sought to be enjoined herein of a value in excess of $2,000. It is only reasonable to conclude that the music in the evenings after the dinner hour draws considerable trade to the relator. * * *
* * * * *
"Unquestionably the right involved in the instant case has a pecuniary value capable of proof. * * *"
[3] There is nothing contained in the pleadings or in the affidavits submitted as evidence upon the trial of the rule, showing or even indicating the value of the rights sought to be protected by plaintiffs, nor is it shown what, if any, loss or diminution of profits plaintiffs would sustain through the alleged unauthorized acts of the labor union. However, considering the circumstances of the case, it is our opinion that the loss of profits and the inconvenience to be suffered by the plaintiffs as a result of the picketing operations, which is the standard for testing jurisdiction, would not exceed $2,000, and we believe that this court has jurisdiction of this appeal.
In considering the next ground urged for the dismissal of the appeal, i. e., that the motion and the order granting it came too late, it is to be noted that the 1934 act, while authorizing appeals from the issuance or denial of any temporary injunction in a case involving or growing out of a labor dispute, fixes no period of time within which appeals must be taken, and does not make provision for the perfecting of appeals.
Act No. 29 of 1924, § 5, provides in substance that all appeals, whether suspensive or devolutive, from interlocutory orders or decrees, granting or refusing preliminary injunctions, must be taken and bond furnished within ten days from the entry of the order or decree granting the writ or refusing to grant it.
[4] The motion for the appeal was not made until February 24, 1948, or on the nineteeth day after the decree granting the preliminary writ of injunction, and it is obvious that as the appeal was taken more than ten days after the entry of the decree, it must be dismissed, unless the ten day period *Page 529 
was interrupted or suspended by the motion made for a new trial, or by the application for the writs of certiorari and prohibition to the Supreme Court.
We notice that the motion for the new trial was made on February 12, 1948, or more than three judicial days from the rendition of the decree. Code of Practice art. 558, provides that a new trial must be applied for within three judicial days from the rendition of the judgment, and even assuming, but not deciding, that defendant had the right to apply for a new trial in the matter of an interlocutory order granting a temporary writ of injunction, the measures taken to secure it came too late and are without any legal effect.
[5] As to whether the application to the Supreme Court for the writs interrupted or suspended the delay for taking the appeal, our opinion is that such application did not have that effect. By making application for the writs, defendant sought to have the Supreme Court review the case, meanwhile prohibiting the execution of the preliminary writ of injunction, to the same extent and purpose as would have been served by a suspensive appeal.
In the case of Warren v. Malvina Realty Co., 178 La. 495,151 So. 906, 907, the defendant petitioned for and was refused a suspensive appeal from an order granting a preliminary writ of injunction. Defendant then made application to the Supreme Court for writs to force the granting of the appeal, and to protect its rights in the meantime. These writs were refused, and nearly a month after the date of the decree granting the preliminary injunction, defendant sought a devolutive appeal, which was granted one week afterward. In passing upon appellee's motion to dismiss the appeal on the ground that it had not been taken within ten days as provided by Act No. 29 of 1924, the Court held that the act of defendant, unsuccessfully put in motion, to force the granting of the suspensive appeal, did not have the effect of interrupting the running of the time within which the devolutive appeal should have been taken. The Court used the following language:
"The fact that, upon the refusal of the trial court to grant the suspensive appeal from both interlocutory decrees, application was made unsuccessfully to this court for writs of mandamus, certiorari, and prohibition to force the granting of the appeal and to protect defendant's asserted rights in the meantime, did not have the effect of interrupting the running of time for an appeal, nor did the filing and overruling of the motion to dissolve the injunction in the trial court have such effect. Acts of this nature, not supported by law, and therefore unsuccessfully put in motion, produce no legal effect. In this connection, it may be said that the fact that in refusing the application for writs, this court said substantially that the applicant's remedy was by devolutive appeal or by appeal, suspensive or devolutive, after the rendition of final judgment on the merits, was not a recognition of defendant's right to appeal devolutively in this particular matter and at this time. That point, necessarily, was not at issue. The court was there announcing, which was proper, the remedy where one feels aggrieved by a decree in injunction proceedings, without reference to whether or not the appeal had been lost by the lapse of time. It was the same as if the court had said, 'The applicant's remedy, if any, is by devolutive appeal'; the words 'if any,' under the circumstances, being implied."
For the reasons assigned, the motion to dismiss the appeal is sustained. Costs of this appeal are to be borne by defendant-appellant, and all other costs are to await the final determination of the case.
Motion sustained. *Page 628