PER CURIAM.
Defendant-appellee moves to dismiss this appeal on the ground that the amount in controversy, which exceeds $2000, is above our maximum jurisdiction.
Joseph G. Patterson, the plaintiff, who owns the premises 730 St. Louis Street in the City of New Orleans, in which there are located several apartments, is engaged in the business of leasing said apartments to various tenants. The defendant, John Car-on, in 426 Bourbon Street, which abuts plaintiff’s property, operates a business styled “Club Slipper,” which consists of a bar and place of entertainment, in which he furnishes music to his patrons through the media of an orchestra and a juke box. Plaintiff instituted this suit in the Civil District Court for the Parish of Orleans, and alleges that the music is played in de *238 fendant’s establishment during both day and night, and that the music and noises emanating from the Club Slipper causes damage to his business, in that his tenants are greatly disturbed thereby, and he has suffered and will continue to suffer the loss of revenue occasioned 'by the removal of tenants from the apartment house, and that he will soon lose all interest and value in his property. He seeks an injunction against the defendant, prohibiting him from allowing the noises and music to emanate from the Club Slipper. Plaintiff also coupled with hi's demand a claim for accrued damages in the sum of $2600.
This appeal was taken by plaintiff from the judgment of the lower court which dismissed his demands.
Clearly we have no jurisdiction of this appeal, under Const. 1921, art. 7, secs. 10, 29, because:
Firstly, plaintiff claims damages in the sum of $2600.
Secondly, the petition sets forth that the value of petitioner’s business, which it is alleged will be destroyed, is in excess of $3000. Counsel stipulated in the court below that plaintiff’s business is worth more than $3000. See Jay v. United Packinghouse Workers, La.App., 34 So.2d 526, wherein we said that in cases where a right sought to be protected has a pecuniary value, such will govern jurisdiction of an appeal.
Thirdly, we have been furnished with an affidavit in which the appellee sets forth that the right to have music in his place of business is worth to 'him over and above the amount of $3000.00 per year. See Frierson et al. v. Cooper, 196 La. 450, 199 So. 388, wherein the Supreme Court held that it has jurisdiction where the right sought to be enjoined is of a value in excess of $2000.
Act 19 of 1912 authorizes an appellate court to transfer to the proper appellate court the record in any case where the appeal was brought up through mistake in the jurisdiction, instead of dismissing the appeal, and we believe we should order such transfer.
It is now ordered, adjudged, and decreed that this appeal be transferred to the Supreme Court of Louisiana in accordance with law; the transfer is to be made within sixty days after this decree becomes final, and if such transfer is not made, then the appeal is to stand as dismissed. The plaintiff-appellant is to defray the costs of appeal in this court.
Appeal transferred to Supreme Court.