DORÉ, Judge.
The record discloses that on March 27, 1951, plaintiff filed suit against Delia Colbert and Harry Archille as co-makers and co-mortgagors, and one Gladys Jackson as endorser, on a note secured by a chattel mortgage on certain furniture. On March 28, 1951, each of the defendants was served with a copy of the petition and citation, the services being domiciliary. On April 12, 1951, on the 15th day after service, a preliminary default was entered as to all defendants; on April 18, 1951, more than two dear days having elapsed since the entering of the preliminary de *627 fault, the default was confirmed and judgment was read, rendered and signed by the Court in favor of the plaintiffs and against the defendants, in solido, for the amount prayed for, with recognition of the chattel mortgage rights upon the furniture described in the dhattel mortgage act.
On May 23, 1951, a writ of fieri facias was issued under said judgment, pursuant to which, on the same day and date, certain household furnishings of the defendants were seized. After the seizure by the Sheriff, on the same day and date, a notice of seizure was personally served on each of said defendants; in the said notice of seizure each defendant was informed of the appointment of a custodian for the furniture seized and each of the defendants was notified to be present at the Court House in the City of Baton Rouge, Louisiana, on June 8, 195)1 at 11:00 o’clock a.m. to appoint an appraiser.
On June 13, 1951, after due proceedings had, the seized furniture was sold at public auction and adjudicated to plaintiff. The Sheriff’s return of the writ of fi. fa. shows a partial satisfaction of the judgment.
On February 1, 1952, an alias writ of fieri facias was issued under said judgment. By virtue of said writ, the Sheriff for the Parish of East Baton Rouge, on March 8, 1952, seized certain real property belonging to defendant Delia Colbert (the property being the home of Delia Colbert), and on the same date and day the Sheriff personally served the defendant Delia Colbert with a notice of seizure of the said property, notifying her to appear and appoint an appraiser and informing her that he had appointed Gladys Jackson as custodian of the seized property. After legal formalities having been performed, the Sheriff, on April 16, 1952, adjudicated the property to Ruth A. Gonzales for the price and sum of $1,333.34. The Sheriff’s return of the writ shows a satisfaction of the writ and a balance due from the proceeds to Delia Colbert in the amount of $493.15.
On April 18, 1952, defendant Delia Colbert moved in open court for a devolutive appeal from the judgment and obtained an order therefor, which devolutive appeal was lodged in this court on June 5, 1952. This motion read in part as follows:
“On motion of Delia Colbert, one of the defendants in the above entitled and numbered cause, through her undersigned counsel, and upon suggesting to the court that said defendant is aggrieved by the judgment herein rendered and signed on the 18th day of April, 1951, and that she desires to appeal devolutively therefrom to the court of Appeal, First Circuit.”
On April 21, 1952, the defendant Delia Colbert filed a written motion claiming a homestead exemption on the seized property and in which, in part, the alleges: “That on April 18, .1951 plaintiff herein maintained a judgment by default against Delia Colbert and against two other parties also named defendants herein”; that on January 9, 1952, she caused to be recorded in the Mortgage Records of East Baton Rouge Parish a declaration of Homestead, covering the property seized; that on March 10, 1952, the plaintiff filed in the mortgage records of the East Baton Rouge Parish a notice of. the execution of a writ of fi. fa., under which her homestead had been seized by the Sheriff, advertised to be sold on April 16, 1952, and at which sale, a purported agent of the plaintiff purchased the said property for $1,333.34. In her motion it is to be noted that she does not attack the judgment on which the writ issued. She attacks the advertisement, purported sale and other proceedings mainly and solely on the ground that they are in violation of her homestead rights under the Constitution and laws of this State. Pursuant to this motion an qrder was signed directing the Sheriff and the plaintiff to show cause on April 28, 1952 why the adjudication of of April 16, 1952 should not be set aside. A trial of the said rule was had; on July 21, 1952, a judgment was rendered and on July 23, 1952 it was signed overruling the *628 claim of homestead exemption and rescinding and recalling the rule which had issued on April 21, 1952. Defendant Delia Colbert has not appealed from this judgment.
On September 2, 1952, defendant Delia Colbert filed a written motion in which she avers that judgment was rendered and signed on April 18, 1951 against her by default, based on domiciliary service; that no notification of the rendering of the said judgment was ever served upon her and therefore she was entitled, under Articles 575 and 624 of the Code of Practice and LSA-R.S. 13:3344, to the right of a sus-pensive appeal from said judgment. On the same day and date, an order of sus-pensive appeal was granted to the defendant, said appeal being made returnable to this court on September 22, 1952. Defendant, on September 2, 1952, perfected her appeal.
It may be proper at this time to state that subsequent proceedings were instituted in the district court seeking to. set aside the order of suspensive appeal which, at this time, has become moot and is not necessary to discuss.
On June 9, 1952, plaintiff-appellee filed a motion to dismiss the devolutive appeal taken on April 118, 1952, in open court, for the reason that the said order of appeal was taken at a different term of court from that in which the judgment was rendered and without citation upon plaintiff-appellee.
In answer to this motion, defend-fendant-appellant states: “Now therefore, without in any manner suggesting to the court that the law ought not to be changed, or made otherwise, counsel for appellant do admit that counsel for appellee has cited reliable jurisprudence, and considerable Supreme Court authority, in support of his proposition, and that in effect to uphold the first devolutive appeal of appellant on April 18, 1952, this Honorable Court would have to override and in effect overrule considerable Supreme Court authority”. (Italics ours). As we construe this statement, it is an admission that the motion to dismiss is well taken and that the devolutive appeal should be and will be dismissed.
On September 24, 1952, plaintiff-appel-lee, with full reservation o'f its rights under the motion to dismiss the devolutive appeal heretofore mentioned, filed a motion to dismiss the suspensive appeal granted and perfected on September 2, 1952 and filed in this court on September 19, 1952, for the reasons: 1. “The time had lapsed for the taking of a suspensive appeal when the petition therefor was filed by defendant-appellant on September 2, 1952.” 2. “The defendant-appellant has no right to appeal from this judgment as she has confessed it.” 3. “Tjhe defendant-appellant having taken and perfected a devolutive appeal on April 18, 1952, waived and was without right to take a suspensive appeal from the same judgment on September 2, 1952.”
We find no merits in the second assigned reason and we shall consider the first and third reasons together as they are inter-related.
Tihe time prescribed by law for a .sus-pensive appeal is set (forth in Article 575 of the Code of Practice, which in part is as follows: “If the appeal has been taken within ten days, not including Sundays, after the judgment has been notified to the party cast in the suit, when such notice is required by law to be given, it shall stay execution and all further proceedings”.
Since the service and citation on tlie defendant was made by domiciliary service, the law requires that notice of the rendition of judgment by default be given to defendant and that the delay to take a suspensive appeal does not begin to- run until she had been given such notice. Therefore, the crux of this matter is whether the defendant had been notified of the rendition oif the judgment and that she took (her suspensive appeal within ten days, not including Sundays, after such notice or has she waived such notice of judgment by her action in the premises.
The record is devoid of any documentary evidence showing the serving of notice of judgment upon the defendant. *629 In its absence, we turn to the proposition as to whether by her actions in this case tihe appellant has waived such notice of judgment, and if so then her appeal must be dismissed in that she appealed after more than one year after the rendition •of the said judgment.
We grant that the courts of this State has adopted a liberal policy that the right to an appeal should always be entertained with favor, and never denied, except in those cases where the appeal is •clearly not allowable.
 It is now well established in the jurisprudence of this State that the provision 'for notice of judgment upon the -party cast in a judgment of default when•ever such judgment was based on domiciliary service is for the benefit of the judgment debtor, in order to apply for a new trial, a rehearing or for an appeal, “but it is likewise well settled that the judgment debtor may waive such benefit or privilege like any other benefit or privilege. The following facts as contained in the record, to our mind clearly shows that the defendant waived the notice of judgment, if in truth and in fact she had not been served with a notice of judgment.
On May 23, 1951, she was personally •served with a notice of seizure, by virtue of a writ o'f fi. fa. issued upon the judgment from which she has appealed, of part of her furniture, a notice to appear .at the Court House at Baton Rouge, on June 8, 1951, to appoint an appraiser and that the sale of said furniture would take place on June 13, 1931. Yet defendant did not do anything. It was then incumbent upon her to speak if she was not satisfied with the judgment as rendered. This is the first time the defendant was called upon to speak; by her inaction she tacitly waived the notice of judgment.
By virtue of an alias writ of fi. fa., the Sheriff, on March 8, 1952, seized the home ■ of defendant and personally served the defendant with a notice of seizure. By virtue of the writ and inaction of defendant, the Sheriff, on April 16, 1952, adjudicated defendant’s home, real property, to a third person. This can be said to be the second time that defendant waived the notice of judgment.
Admitting for the mere sake of argument that the above does not constitute a waiver of notice of judgment, yet we find the defendant-appellant, on April 18, 1952, appearing in this case and obtaining an order and perfecting a devolutive appeal, all as set out heretofore. By her action in so doing, she clearly and concisely waived the notice of judgment.. Not only did she waive the notice of judgment, but she also waived her right, at a later date, of a suspensive appeal. See Leggett & Bros. v. Potter, 9 La. Ann. '309.
It may be proper at this time to note that appellant, in her brief, states that “On the language and facts, however, this Leg-gett case (supra) does conflict with the position we have taken in our brief in support of the suspensive appeal and we admit, with deep regret, that although a century old, the case does represent a decision of the Louisiana Supreme Court, and must be reckoned with to the extent that the decision may represent and still be the law at this date.” We have carefully checked through Shepard’s Louisiana Citations and fail to find wherein this case was overruled but to the contrary, it has been cited with approval in many cases and we must follow it.
Finally, the defendant, by appearing in this case, filing her rule 'claiming homestead exemption on the property seized, and averring therein that the plaintiff, on April 18, 1951 had obtained a judgment against her, clearly arid concisely waived all other rights or privileges she may have had, especially the right to have had notice of the rendition of the judgment.
For these reasons, the motions to dismiss the appeals are hereby sustained and accordingly the appeals are dismissed.