66 So.2d 793

GULF STATES FINANCE CORP. v.
COLBERT et al.

No. 41106.

June 1, 1953.

Rehearing Denied July 3, 1953.

Franz Joseph Baddock and White &
May, Baton Rouge, for appellant.

Robert C. Taylor, Baton Rouge, for
plaintiff, appellant, respondent.

LE BLANC, Justice.

On March 27, 1951, plaintiff filed suit on a note secured by chattel mortgage, executed by the defendants, Delia Colbert and Henry Archille, and endorsed in blank by Gladys Jackson, also made defendant. Domiciliary service of the petition and citation were made on all defendants on March 28, 1951. On April 12, 1951, no answer having been filed, a preliminary default was entered against them all, on the minutes of the Court. On April 18, 1951, the preliminary default was confirmed and judgment was rendered and signed against them, in solido.

On May 23, 1951, a writ of fieri facias was issued, and on that same day certain movable property of defendants, as described in the chattel mortgage, was seized by the sheriff and notice of seizure was personally served on all defendants. Said property was subsequently sold and the proceeds credited against the judgment.

On February 1, 1952, an alias writ of fieri facias was issued, and on March 8, 1952, certain immovable property of defendants was seized, notice of seizure being personally served on all defendants. The said property was sold on April 16, 1952.

On April 18, 1952, by written motion, defendant Delia Colbert, presented a written motion for, and was granted a devolutive appeal to the Court of Appeal, First Circuit. On that same day an appeal bond was filed with the Clerk of the District Court.

Thereafter, on April 21, 1952, Delia Colbert filed a motion in the trial court to have the seizure and sale of the above immovable property declared null and void and set aside because such seizure and sale was in violation of her rights of homestead exemption granted under the Constitution of this State. A rule to show cause was issued and plaintiff, defendant in rule, filed an exception of no right or cause of action, and an answer to said motion. On July 23, 1952, after a hearing, judgment was signed recalling and rescinding the rule.

On June 9, 1952, plaintiff-appellee filed a motion in the Court of Appeal to dismiss the devolutive appeal taken by motion on April 18, 1952, as said appeal was taken at a different term of Court from that in which judgment was rendered and without citation upon plaintiff-appellee. Defendant-appellant, in answer to this motion, conceded that the jurisprudence cited by plaintiff-appellee was to that effect and submitted the matter. The Court of Appeal did not act on this motion at that time, however, and the appeal remained pending before it.

On September 2, 1952, by petition and citation, defendant prayed for and was granted a suspensive appeal to the Court of Appeal, First Circuit, and on September 3, 1952, filed an appeal bond. The suspensive appeal was granted upon allega-

tions by defendant that there had been no notice of judgment served upon defendant as required by Articles 575 and 624 of the Code of Practice, in cases of default judgments rendered on domiciliary service, and that defendant could appeal suspensively within ten days after service of notice of judgment.

On September 4, 1952, plaintiff filed a motion in the lower court to have the order of suspensive appeal cancelled and rescinded. To this motion plaintiff attached an affidavit by Chris Fraser, Deputy Sheriff, to the effect that he made personal service of a certified copy of judgment on Delia Colbert on April 19, 1951, and attached to this affidavit was a photostat of page 167 of the Sheriff's Day Book showing personal service of said judgment on Delia Colbert on April 19, 1951.

On application to the Court of Appeal, First Circuit, defendant obtained a writ of prohibition issued to the District Court prohibiting any further action in the cause pending the suspensive appeal. Because of this the lower court sustained defendant's exception to the motion to rescind the order of suspensive appeal.

On September 23, 1952, plaintiff-appellee filed in the Court of Appeal a motion to dismiss the suspensive appeal taken by defendant-appellant on September 2, 1952, on the grounds that there had been personal service of notice of judgment on defendant, Delia Colbert, one year and four months prior to application for a suspensive appeal and in the alternative, that defendant waived notice by applying for a devolutive appeal on April 18, 1952, four months prior to her application for a suspensive appeal, or by claiming her homestead exemption more than four months prior to her application for a suspensive appeal.

On November 14, 1952, the Court of Appeal handed down its judgment dismissing both appeals, 61 So.2d 626. The devolutive appeal taken on April 18, 1952 was dismissed because of lack of citation of appeal on appellee when the appeal had been taken by motion at a term subsequent to the term in which judgment was rendered. The suspensive appeal taken on September 2, 1952, was dismissed on the grounds that though there was no "documentary evidence" in the record of service of notice of judgment, it is the established jurisprudence of this State that the provision requiring such notice is for the benefit of the judgment-debtor, in order to allow him to apply for a new trial, or a rehearing, or take an appeal, and like any benefit may be waived; and that on May 23, 1951, and again on March 8, 1952, when defendant was personally served with notices of seizure, by virtue of a writ fieri facias, issued upon the judgment from which she appealed, she was called upon to act and by failure to do so, she had waived notice of judgment; that further, on April 18, 1951, when defendant moved for and was granted a devolutive appeal, she clearly waived notice of judgment, and

waived any right to take a suspensive appeal at a later date; that finally, when defendant appeared in Court and claimed her homestead exemption on the property seized by virtue of the judgment against her, she waived the right to have notice of the rendition of the judgment.

A rehearing was applied for in the Court of Appeal and refused.

A writ of certiorari, or review, was applied for in this Court and granted, and the case is now before us for review and decision.

As stated by defendant-appellant, the question before the Court is whether or not the appeal taken on September 2, 1952 should have been dismissed by the Court of Appeal. Defendant-appellant concedes that under the jurisprudence, the devolutive appeal taken on April 18, 1952, should have been dismissed for lack of citation on appellee. It was not dismissed however and remained pending before that Court. Though the appeal of September 2, 1952, was designated as a suspensive appeal by appellant, and also in the order of the District Court which granted it, he contends that if it was not timely perfected to serve as a suspensive appeal, then it should have been treated by the Court of Appeal as a devolutive appeal, and that if defendant by moving for a devolutive appeal on April 18, 1952, accepted notice of the judgment and waived service of notice of judgment, then the appeal of September 2, 1952 was timely taken as it was within one year of April 18, 1952, the date of waiver of service of the notice of judgment.

■ In State ex rel. Mitchell v. Cohn Flour & Feed Co., 1931, 17 La.App. 108, 135 So. 385, 388, it was held that service of a notice of judgment is necessary in a case of a default judgment based on domiciliary service, the Court stating:

"But when the judgment is the confirmation of a default, based on domiciliary service, as in the present case, then the later law, Act 289 of 1926, governs and the *service* of notice of judgment on the party cast is *necessary* in an appealable case before it can be executed. And in such a case the ten days in which the party cast may suspensively appeal is to be counted from the time of the service of such notice." (Emphasis ours.)

■ It was further held, however, in that same case, that such service can be waived, the Court stating on this point:

"Mitchell having appeared in open court and moved for and was granted a suspensive appeal, he must be considered as accepting notice and waiving service, dating from the order granting the appeal * * *."

■■ Applying these principles to the case at bar, defendant accepted notice and waived service on April 18, 1952 when she moved for and was granted a devolutive appeal. This appeal was perfected by the filing of an appeal bond on the same day.

·Jurisdiction immediately vested thereafter in the Court of Appeal and remained vested until that appeal was disposed of in some manner.

.The District Court, on the other hand, was divested of jurisdiction and had no authority to take any step in the case except to test the sufficiency of the bond and to forward the transcript to the proper appellate court. See Vaughn v. American Bank & Trust Co., 223 La. 479, 66 So.2d 4.

Therefore, after April 18, 1952, the judge of the District Court was without jurisdiction to proceed further with the present cause, especially to grant the appeal of September 2, 1952, even if the time for taking a devolutive appeal had not passed. As the first appeal was properly dismissed, the writ of certiorari should be recalled and the judgment of the Court of Appeal affirmed and for the reasons stated, it is ·so ordered.