McBride, judge.
These are two consolidated cases in which the plaintiffs sought to recover damages ex delicto from defendant who resides in Orleans Parish. There was domiciliary service on defendant in each case; defendant failed to file answers to the suits and a judgment by default was rendered and 'signed against him on July 3, 1953. On July 29, 1953, ■ twenty^six days after the judgment had been rendered and signed, defendant filed a petition for a rehearing which was' refused June 17, 1955, on the ground that the application was not timely filed. On July 1, 1955, defendant applied for and was granted a devolutive and sus- ' pensive appeal returnable to the Supreme Court which subsequently transferred the case to this court on joint motion of the parties because the thing claimed was within our jurisdiction.
In brief and argument counsel for plaintiffs-appellees suggest that the appeal was applied for and granted more than one year after the judgment was rendered and ■should be dismissed because it came too late. No motion to dismiss the appeal was filed, but if it is a fact that the appeal was applied for after the one year allowed by Code of Practice art. 593 for appealing the ■case had expired, then that is a defect which this court must notice ex officio, and, of course, the appeal must be dismissed for the reason that the lower court had no jurisdiction to grant the appeal nor would this court have jurisdiction to entertain it. Schneider v. Manion, 217 La. 118, 46 So.2d 58; Untereiner v. Miller, 29 La.Ann. 435; Atlantic Paint Co. v. Merkel, Orleans No. 8869, our docket (opinion unreported). See Southern Digest Table of Cases.
It is the appellant’s position that his application for a rehearing filed on July 29, 1953. came in time and that the court should have considered it. Appellant seems to concede that under C.P. arts. 546, 558 and 560.1 (Act 247 of 1908), an application for a new trial or rehearing should be taken within three judicial days counting from the rendition of the judgment, but he argues that whereas no notice of judgment was served upon him as required by C.P. art. 543, as amended, the application he made for the rehearing was seasonable, because the legal delay for making a motion for a new trial had not commenced to run.
Article 543, C.P., reads as follows:
“All judgments must he rendered, read and signed by the judge in open court, provided that where District Judges hold court in a judicial district composed of more than one parish, they shall have the right to render, read and sign judgments in open court in any parish in their judicial district in any case arising in any parish in said district, which judgment shall be forwarded to the clerk of court of the parish in which said case originated who shall record same in the minutes of said court who shall immediately notify the parties or their counsel and the legal delays for making a motion for a new trial or for taking an appeal shall not commence to run in such cases until the service by the sheriff or the notice of judgment issued by the clerk.”
The defendant-appellant was not entitled to the notification of judgment provided for in the above-quoted article, as it is clear that the situation contemplated by C.P. art. 543 did not exist when the judgment was rendered against the defendant. The import of the article is that where a district judge holds court in a judicial district composed of more than one parish, he may render a judgment in any parish in the district, but where the judgment is rendered in a parish other than that in which the case is pending, then a notification of the rendition of the judgment should be is *103 sued by the clerk to and served by the sheriff on the parties or their counsel, and legal delays for applying for a new trial or for taking an appeal shall not commence to run until the notice is given. Such notification was not necessary in this case for the obvious reason that the Twenty-fourth Judicial District Court which rendered the judgment is in the judicial district composed solely of the parish of Jefferson, and it is self-evident the judgment could not have been rendered in a parish other than the parish in which the case originated.
Code of Practice art. 575 as re-enacted by Act 289 of 1926, regulates the suspensive appeal and contains provisions for notification of judgment, and it has been held that under the article until a notice of judgment is served upon one against whom has been taken a default judgment on issue joined by domiciliary service, the delay for taking an appeal does not commence to run. Strange v. Albrecht, La.App., 176 So. 700; Meyer v. Esteb, La.App., 75 So.2d 421, 432. Although the appellant makes no contention that because no notice of judgment was served upon him in accordance with the provisions of C. P. art. 575, this had the effect of suspending the running of the legal delay for making his application for a rehearing, we nevertheless feel that the point should be considered.
We have made a research of the jurisprudence respecting the proposition whether under C.P. art. 575 the requirement of notice of judgment to one against whom a default judgment has been entered after domiciliary service of citation is necessary in order to start the running of the delay for making application for a new trial or a rehearing, and find it to be well established that service of such notice of judgment as is contemplated by the article has nothing to do with the time within which a rehearing or new trial, as the case may be, must be applied for. The requirement as to notice has to do solely with the execution of the judgment and the delays for appeal.
This question was thoroughly discussed by our brothers of the First Circuit in Meyer v. Esteb, supra, the court saying on rehearing:
“ * * * Therefore, we hold that notice of judgment based on domiciliary service is not a prerequisite to commence the running of the delay to file a motion for a new trial or rehearing but that the delay commences to run immediately upon the signing of the judgment, except under the circumstances recited in Article 543 of the Code of Practice.”
In Lemon v. Marrero, 12 Orleans App. 74, we said:
“The contention is well founded under C.P., 558, which with certainty fixes the delay within which a new trial should be sought. This delay runs from the rendition of the judgment and not from the date when the judgment has been notified. * * * ”
We agree that the failure to give appellant, defendant below, notice of the entry of the default judgment had not the effect of suspending the time within which he should have prayed for the rehearing. Therefore, the application which was filed on the twenty-sixth day after rendition of judgment came much too late.
Had the petition for rehearing come within the legal period, appellant’s delay for appealing the case would then only have begun to run from the day that his request for the rehearing had been passed upon by the court and refused. This is the settled law of the state. Ball v. Campbell, 222 La. 399, 62 So.2d 621; Herold v. Jefferson, 172 La. 315, 134 So. 104; Durbridge v. State, 117 La. 841, 42 So. 337.
But the difficulty with appellant’s position is that as plainly appears his prayer for *104 the rehearing made in the court below was filed without the three judicial day period established by law and thus was productive of no legal effects and could not serve as a foundation for an extension of the time in which the appellant was granted by law for taking the appeal. In Durbridge v. State, supra, it was clearly pointed out that the date from which the year given for taking an appeal runs is from the day when the court refuses the new trial when a motion for a new trial was filed within the time granted by Articles 537, 538 of the Code of Practice. Likewise in Succession of Markham, 178 La. 109, 150 So. 847, the Court specifically said that when a motion for a new trial or for a rehearing is filed within the time allowed by law, then the ten days in which a suspensive appeal may be taken are counted not from the date of the signing of the judgment but from the date of the overruling of the motion for a new trial or for a rehearing.
In Jay v. United Packinghouse Workers of America, Local No. 1095, C.I.O., 34 So.2d 526, we squarely held that where the application for a new trial was not made in time, the measures taken to secure the new trial came too late and are without any legal effect and could not suspend the time within which an appeal in the case should have been taken. Our decision in the Jay case was predicated on the holding by the Supreme Court in Warren v. Malvina Realty Co., Inc., 178 La. 495, 151 So. 906, 907, wherein the defendant petitioned for and was refused a suspensive appeal from an order granting a preliminary writ of injunction. Defendant then made application to the Supreme Court for writs to force the granting of a suspensive appeal. These writs were refused, and nearly a month after the date of the decree granting the preliminary injunction, defendant sought and obtained a devolutive appeal. In upholding a motion to dismiss the appeal made by appellee on the ground that it had not been taken within ten days as provided by the applicable law, the Court held that the act of the defendant, that is, in applying to the Supreme Court for writs with reference to the suspensive appeal, was unsuccessfully put in motion and did not have the effect of interrupting the running of the time within which the devolutive appeal should have been taken. The Court used the following language:
“The fact that, upon the refusal of the trial court to grant the suspensive appeal from both interlocutory decrees, application was made unsuccess fully to this court for writs of mandamus, certiorari, and prohibition to force the granting of the appeal and to protect defendant’s asserted rights in the meantime, did not have the effect of interrupting the running of time for an appeal, nor did the filing and overruling of the motion to dissolve the injunction in the trial court have such effect. Acts of this nature, not supported by law, and therefore unsuccessfully put in motion, produce no legal effect. * * * ”
Therefore, the one-year limit for taking the appeal as provided by C.P. art. 593 must be counted from the rendition and signing of the judgment and not from the date the petition for the rehearing was dismissed by the court.
We have already mentioned that C.P. art. 575 contemplates that unless a notice of judgment is served upon one against whom a default judgment after domiciliary service has been taken, the delay for taking an appeal does not commence to run. We have also said that the notice of judgment required by Article 575 was never served on appellant. Now the question enters the case whether the appellees’ failure to serve the notice of judgment under C.P. art. 575 would have the effect of legally permitting the appellant to take the appeal, as he did, nearly two years after the rendition of the judgment.
In State ex rel. Mitchell v. Cohn Flour & Feed Co., 17 La.App. 108, 135 So. 385, it was said that while service of a notice of *105 judgment is necessary in any case of default judgment based on domiciliary service, the judgment debtor can waive such notice, and then it was held that the defendant in the case having appeared in open court and moved for and was granted a suspensive appeal, that this must be considered as an acceptance of the notice and a waiving by the defendant of the notification of the judgment.
Gulf States Finance Corp. v. Colbert, 223 La. 743, 66 So.2d 793, 795, decided by the Supreme Court, was a similar case. The Court held that the defendant accepted notice and waived service on the day she moved for and was granted an appeal. The following language used in the Mitchell case was approved by the Supreme Court in the Gulf States Finance Corp. case:
“ * * * But when the judgment is the confirmation of a default, based on domiciliary service, as in the present case, then the later law, Act 289 of 1926, (C.P. 575) governs and the service of notice of judgment on the party cast is necessary in an appealable case before it can be executed. And in such a case the ten days in which the party cast may suspensively appeal is to be counted from the time of the service of such notice. * * *
* * * * * *
“ Mitchell having appeared in open court and moved for and was granted a suspensive appeal, he must be considered as accepting notice and waiving service, dating from the order granting the appeal, * *
Therefore, under the applicable provisions of law, appellant was entitled to be served with a notice of judgment, and until he was served with such notice of judgment, the time for his taking an appeal did not commence to run unless it can be said that appellant must be considered as having accepted notice of the judgment and waiving service thereof.
As has been stated the judgment was rendered and signed below on July 3, 1953, and on July 29 of the same year although appellant received no official notification of the judgment, he voluntarily appeared in open court and prayed by way of his petition for a rehearing in the case. Applying the principles of State ex rel. Mitchell v. Cohn Flour & Feed Co., supra, and Gulf States Finance Corp. v. Colbert, supra, we are constrained to hold that when he made appearance in the lower court requesting a rehearing of the case, this constituted an effective waiver of notice of judgment dating from the date of the filing of the petition for rehearing, and it must be said that by such court appearance the defendant accepted notice of judgment and cannot now be heard to complain that he was not served with the notice. He needed no formal notice after he judicially acknowledged the existence of the judgment and service of formal notice would have been but an idle gesture.
All this being so, the defendant’s appeal came after the one year period provided by C.P. art. 593 had expired, counting from the date he made application for the rehearing, and we have no other recourse than to dismiss the appeal.
We notice in the petition for rehearing filed below by appellant that he charges the judgment was entered as a result of some alleged unfair practices on the part of the then attorney for appellees. Of course we know nothing of the merits of these charges. Perhaps the appellant would have the right to attack the judgment in an action of nullity. We also notice from the transcript that the minute entries in the cases made in the lower court do not show that the prerequisite preliminary default was ever taken against defendant. But be that as it may, we cannot review the judgment on a tardy appeal.
It is ordered, adjudged and decreed that the appeal taken herein be dismissed.
Appeal dismissed.