BOLIN, Judge.
Plaintiff obtained a default judgment in the principal sum of $285.60 against defendants in the City Court of Minden, Louisiana. From this judgment defendants, husband and wife, attempt to appeal devolutively. We conclude the appeals should be dismissed.
Domiciliary service was made on defendants and judgment was rendered and signed on June 28, 1971. Notice of judgment was served on Lula B. Crawford on July 12, 1971. Although a notice of judgment form, addressed to John Crawford, was issued by the Clerk of Court on June 28, 1971, the record does not reflect that it was served. On motion of counsel for both defendants, an order of appeal to this court was signed by the city judge on July 26, 1971. An appeal bond was filed on behalf of Lula B. Crawford on August 2, 1971. No appeal bond was executed or filed by John Crawford.
Louisiana Code of Civil Procedure Articles 5001 and 5002 cover the procedure for cases in city courts where the amount involved exceeds $100. Article 5002 provides :
“Art. 5002. Delays for answering; incorporation of exceptions in answer; prior default unnecessary; notice of judgment; new trial; appeals
“The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, after service of citation on the defendant, except when the citation is served on a de *219 fendant through the secretary of state, in which event this delay shall be fifteen days after such service as to all defendants.
“A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
“A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
“A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
“The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.” (last paragraph added by Act 107 of 1970)
Louisiana Code of Civil Procedure Article 4898 requires that notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer. Thus, each defendant was entitled to a notice of judgment. Lula B. Crawford was served with such a notice on July 12, 1971, and caused orders of appeal to be issued on July 26, 1971, which we calculate was the last day for timely perfecting her appeal. However, her bond was not filed until August 2, 1971, which was not timely according to Code of Civil Procedure Article 5002, as amended by Act 107 of 1970, supra. Therefore the judgment rendered by the city court is final as to Lula B. Crawford and this court has no jurisdiction to consider the appeal, which is accordingly hereby dismissed.
John Crawford has not been served with a notice of judgment as required by law. However, the motion and order for appeal which, as heretofore stated, was granted July 26, 1971, constituted a waiver of the necessity for notice of judgment. See Gulf States Finance Corp. v. Colbert, 223 La. 743, 66 So.2d 793 (1953) and cases cited therein. No appeal bond having been filed by him or on his behalf, the judgment against him is also final and his appeal is likewise hereby dismissed.
Defendants are cast with the cost of this appeal.