**EMILY TOOKE**   *   NO. 2025-C-0465

**VERSUS**   *

**LAURIE A. WHITE**   *   COURT OF APPEAL

   *   FOURTH CIRCUIT

   *

   STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-12770, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott, Judge
Monique G. Morial)

Robert A. Pearson
Pearson & Mitchell, LLC
4480 General Degaulle Dr., Suite 115
New Orleans, LA 70131

      COUNSEL FOR RELATOR

Steven M. Oxenhandler
Gold, Weems, Bruser, Sues & Rundell
2001 MacArthur Dr., P.O. Box 6118
Alexandria, LA 71307

      COUNSEL FOR RESPONDENT

      **WRIT GRANTED; REVERSED; REMANDED**
      **August 13, 2025**

Relator, Emily Tooke ("Ms. Tooke"), seeks review of the district court's May 21, 2025 denial of her motion for devolutive appeal. For the foregoing reasons, we grant Ms. Tooke's writ application, reverse the order of the district court, and remand with instructions to grant Ms. Tooke's appeal.

## PROCEDURAL AND FACTUAL HISTORY

This suit arises from Ms. Tooke's Petition for Damages against the defendant, former Orleans Criminal Court Judge Laurie White ("Judge White"), wherein she alleges that she was harassed by Judge White during her employment as a law clerk and then terminated in retaliation when she reported Judge White's harassment. In response, Judge White filed exceptions of insufficiency of service of process and prescription, which the district court considered on February 27, 2025. On March 14, 2025, the district court issued a judgment granting Judge White's exception of insufficiency of service of process, finding the exception of prescription to be moot, and dismissing Ms. Tooke's claims without prejudice. The district court designated the judgment as final and mailed notice of the signing of judgment on March 17, 2025.

1

Thereafter, on May 19, 2025, Ms. Tooke filed a motion for a devolutive appeal, but the district court denied the motion and included a handwritten notation indicating the notice of judgment was issued on March 17. Ms. Tooke now seeks supervisory review of the district court's denial of her appeal.[1]

## DISCUSSION

Ms. Tooke asserts that the district court erred in denying her motion for devolutive appeal because her motion was timely. We agree.

Appeals are the right of a party to have an appellate court review and possibly alter a judgment of the trial court. La. C.C.P. art. 2082. The Louisiana Supreme Court recognizes that an appeal "is a constitutional right and any doubt as to the right of an appeal must be resolved in favor of the appeal." *Amedee v. Aimbridge Hosp. LLC*, 2021-01906, p. 5 (La. 10/21/22), 351 So. 3d 321, 325 (citations omitted). Thus, "the right to an appeal should always be entertained with favor, and never denied, except in those cases where the appeal is clearly not allowable." *Gulf States Fin. Corp. v. Colbert*, 61 So. 2d 626, 629 (La. App. 1st Cir. 1952). A judgment that determines the merits of a suit or dismisses a party constitutes a final, appealable judgment, La. C.C.P. arts. 1841, 1915(A)(1), and a final judgment is appealable in all cases in which appeals are given by law. La. C.C.P. art. 2083(A).

A devolutive appeal may be taken within sixty days of the expiration of the delay to apply for a motion for new trial. La. C.C.P. art. 2087. The delay for

[1] Ms. Tooke originally filed her writ application with this Court on July 28, 2025, but failed to include the verifying affidavit required under Uniform Rule 4-5(A). This Court ordered Ms. Tooke to supplement her writ application with the verifying affidavit and received an unnotarized certificate of service in response. The certificate of service does not qualify as the verifying affidavit contemplated under the Uniform Rules. Despite this, we find that the interest of justice requires us to consider the merits of this application. *See* La. C.C.P. art. 2164.

applying for a motion for new trial is seven days, exclusive of legal holidays from the mailing or service of the notice of judgment. La. C.C.P. art. 1974. Therefore, the time for filing a devolutive appeal is sixty days from the notice of judgment *in addition* to the seven-day period to file a motion for new trial. In other words, "[w]here there is no application for a new trial, a devolutive appeal must be taken within sixty days of the expiration of the delay for applying for a new trial." *Williams v. Markel Lumber Co.*, 566 So. 2d 446, 449 (La. App. 4th Cir. 1990).

As noted above, the district court issued its notice of signing of judgment on March 17, 2025. This triggered the seven-day time delay for the filing of a motion for new trial. March 24, 2025 marked the last day for Ms. Tooke to file a motion for new trial and the beginning of the sixty-day time delay to file for a devolutive appeal.[2] Taking this in mind, the final day for Ms. Tooke to file her devolutive appeal was May 23, 2025, and she filed her motion on May 19, 2025—four days before the deadline. Therefore, Ms. Tooke's motion for devolutive appeal was timely, and the district court had no basis to deny her appeal.

### DECREE

For the foregoing reasons, we grant Ms. Tooke's writ application, reverse the district court's denial of the motion for devolutive appeal, and remand this case back with instructions for the district court to grant Ms. Tooke's motion for devolutive appeal.

**WRIT GRANTED; REVERSED; REMANDED**

---

[2] Per article 5059 of the Louisiana Code of Civil Procedure, "In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default from which the period begins to run is not included. The last day of the period is included, unless it is a legal holiday, in which event the period runs until the end of the next day that is not a legal holiday."